59  531<br>
79  322<br>
59  531<br>
d89  484<br>
59  531<br>
131 527

## NICKSON v. BLAIR.

1. **Practice**: NEGLIGENCE OF CLERK: ACTION DISMISSED FOR. A motion was made to dismiss plaintiff's action, because the clerk had failed to make a memorandum in the appearance docket of the date of filing the petition, and the court sustained the motion: *Held* properly sustained, under section 200 of the Code, which provides that no pleading of any description shall be considered as filed until such memorandum is made.

*Appeal from Humboldt District Court.*

WEDNESDAY, OCTOBER 18.

ACTION IN ATTACHMENT. The defendant filed a motion to dismiss the action, which motion the court sustained. The plaintiff appeals.

*A. D. Bicknell* and *Clarke & Farrell*, for appellant.

*Gurney & Quivey*, for appellee.

ADAMS, J.—The motion to dismiss was based upon the fact that no memorandum of the date of filing the petition had been made in the appearance docket.

The provision of statute upon which the defendant relies is in these words: "The clerk shall immediately upon the filing thereof make in the appearance docket a memorandum of the date of the filing of all petitions   *   *   * or paper of any other description in the cause; and no plead-

ing of any description shall be considered as filed in the cause * * * until the said memorandum is made. Code § 200.

The plaintiff insists that this provision is merely directory, and that, where the petition has been lodged in the clerk's office and has been marked filed, as in this case, the plaintiff should not suffer by reason of the clerk's omission to make the required entry in the appearance docket.

The provision may be divided into two parts. In the first part is a provision as to what the clerk shall do, and in the second is a provision as to what shall be the consequence of a failure. If we had only the first part, there would be much force in the plaintiff's position that the statute should be construed as merely directory. But the provision as to the consequence of a failure must be construed according to the plain meaning of the words, and so construing it, it forbids us to say that the effect is the same whether the entry is made or not. *Padden v. Moore*, 58 Iowa., 703.

The plaintiff complains that, if his action is dismissed, he will lose the benefit of his attachment, and that, too, without any fault or negligence upon his part. But the omission of an official duty generally results in an injury to some one, and it is impossible to prevent it. Besides, we are not prepared to say that plaintiff was wholly without fault. It may not be customary for attaching creditors or their attorneys to see that the clerk performs his duty in making the proper entries in the appearance docket, yet they have power to do so.

The case is not different from that of the grantee in a deed recorded but not indexed. The record in such case does not give constructive notice. The grantee's protection can be made certain only by seeing that the recorder performs his duty. *Miller v. Bradford*, 12 Iowa, 14; *Barney v. McCarty*, 15 Id., 510.

The plaintiff insists, however, that, while it may be that the petition could not, under the statute, be considered as filed until the entry had been made in the appearance docket, yet

the court should not have dismissed the action, but should have directed the entry to be made. But if, as we hold, the court was bound to consider the petition as not filed, there was no alternative for the court but to dismiss the action. Suppose the clerk had made the entry, the petition would be deemed to have been filed when the entry was made. If not made ten days before the term, it would be the duty of the court to treat the case as discontinued. Code, § 2600. We think that the court did not err in sustaining defendant's motion.

AFFIRMED.