## EVERLING v. HOLCOMB.

1. **Clerk of Court**: FILING PAPERS WITH : WHAT SUFFICIENT. Section 200 of the Code, requiring the clerk, upon the filing of any paper in a cause, to make a memorandum thereof in the appearance docket, is mandatory so far as it relates to pleadings, but only directory so far as it relates to other papers ; and in this case, *held* that the stenographer's notes of the evidence were to be considered as filed when they were delivered to the clerk to be kept in his office, though they were not marked "Filed," and no memorandum of the filing was made in the appearance docket. (Compare *State v. Briggs*, 68 Iowa, 416.)

2. **Bill of Exceptions**: REFERENCE TO SHORT-HAND NOTES OF EVIDENCE. Under section 3777 of the Code, the short-hand notes of the evidence, when filed with the clerk, may be referred to in a bill of exceptions, and the clerk may insert the evidence from the extended transcript made and filed by the reporter after the filing of the bill of exceptions.

3. **Former Adjudication:** PARTIES ONLY BOUND: INSTANCE: VENDOR AND VENDEE. Defendant sold land to plaintiff on which there was an unsatisfied mortgage of record, but defendant represented that the mortgage was a forgery, and no lien on the land. Afterwards, in an action to which plaintiff was a party, the mortgage was foreclosed, and plaintiff brought this action for damages on account of the alleged misrepresentation. Defendant, in answer, averred that the mortgage was a forgery, and that if plaintiff had made diligent defense it would have been so adjudged. *Held* that, as defendant was not a party to the foreclosure suit, the judgment in that case did not preclude him from setting up the fraudulent character of the mortgage.

4. **Vendor and Vendee:** FRAUDULENT MORTGAGE: DUTY TO RESIST. Where a vendor quit-claims land, representing that a recorded mortgage thereon is a forgery, and it is a forgery, and the vendee, in a subsequent action to foreclose the mortgage, neglects to plead the forgery, and thus allows his title [to be impaired, he cannot recover of his vendor.

5. ————: INDUCEMENT: MISREPRESENTATIONS OF AGENT. Representations made by an agent of the vendor after the sale has been consummated, and when he is no longer acting for the vendor in the matter, are no ground of action against the vendor.

6. ————: FRAUD: CONCEALMENT OF MORTGAGE: EVIDENCE. In an action for fraud in the sale of real estate, where the only question was whether defendant had concealed the fact that the land was mortgaged, and had represented that he had a perfect title, *held* that evidence that he had purchased the land only a short time before for much less than its market value was not relevant.

7. ————: ————: ————: MEASURE OF DAMAGES. Where a vendor fraudulently conceals a mortgage on land conveyed, the vendee's measure of damages is not the market value of the land, but only the amount necessary to redeem from the mortgage, together with costs, where he has properly allowed it to be foreclosed.

*Appeal from Union District Court.*—HON. JOHN W. HARVEY, Judge.

FILED, SEPTEMBER 5, 1888.

ACTION for the recovery of damages on account of an alleged fraud in the sale of real estate. Verdict and judgment for plaintiff. Defendant appeals.

*Maxwell & Leonard*, for appellant.

*McDill & Sullivan*, for appellee.

REED, J.—I.  Upon the overruling of the motion for a new trial the district court granted defendant thirty days within which to settle and file his bill of exceptions.  Within that time he filed a "skeleton bill," properly signed by the judge.  The evidence was taken down by the stenographer, who at the close of the trial deposited his short-hand notes with the clerk, but the latter neither indorsed them "Filed," nor entered any memorandum of their filing in the appearance docket.  They remained in the office of the clerk for a time, when they were sent to the reporter, who made an extended transcript of them, which was returned to the clerk and properly filed in his office.  But that was not done until after the expiration of the thirty days allowed for filing the bill of exceptions, nor was the transcript certified by the judge.  Appellee filed in this court a motion to strike from the transcript the bill of exceptions on the ground that it did not preserve the evidence; also to strike the evidence from the abstract on the ground that it had not been properly preserved or made part of the record. The position of counsel is that, unless either the short-hand notes of the evidence or the extended transcript was filed within the time allowed for settling the bill of exceptions, it did not become part of the record of the case, and that the mere depositing of the notes with the clerk did not constitute a filing within the meaning of the statute.  It is provided by section 3777 of the Code that the short-hand notes "shall be filed in the office of the clerk of the court, and become part of the record in the case."  Ordinarily a paper is filed within the meaning of the law when it is delivered to the proper officer to be kept on file in his office.  *State v. Briggs*, 68 Iowa, 416.  That is what is done in the present case with the original notes.  But it was contended that under section 200 of the Code no paper can be regarded as filed until a memorandum thereof is entered by the clerk in

<div style="margin-left:0">

1. CLERK of court: filing papers with: what sufficient.

</div>

the appearance docket. The section is as follows: "The clerk shall immediately upon the filing thereof make in the appearance docket a memorandum of the date of the filing of all petitions, demurrers, answers, motions, or papers of any other description in the cause; and no pleading of any description shall be considered as filed in the cause, or be taken from the clerk's office, until the said memorandum is made." We have held that as to all pleadings in a cause this provision is mandatory, and that they could not be regarded as filed until the proper memorandum was made in the appearance docket. *Padden v. Moore*, 58 Iowa, 703; *Nickson v. Blair*, 59 Iowa, 531. But it is clear from the language of the section that the mandatory provision applies only to papers of that character. It may be true that the clerk was required, under the first clause of the section, to enter a memorandum of the filing of the notes in the appearance docket, but, by the express language of the latter clause, it is pleadings alone which shall not be regarded as filed until such memorandum has been made. It is that clause which gives the mandatory character to the section; and the expression as to the particular papers to which the mandate applies necessarily excludes all others from its operation. As to other papers the section is directory. We think, therefore, that the notes were filed within the meaning of the law. By the provisions of section 3777 they may, when filed, be referred to by the bill of exceptions, and it was

2. BILL of exceptions: reference to short-hand notes of evidence.

competent for the clerk to embody the evidence after the extended transcript was made by the reporter in the transcript of the case. It is sufficient to say, with reference to the cases cited by counsel, that none of them determine the question raised by the motion to strike. The motion will therefore be overruled.

II. The transaction out of which the case arose was an exchange of property. Defendant deeded to plaintiff a lot in the city of Creston for a

3. FORMER adjudication: parties only bound: instance: vendor and vendee.

farm. The farm was incumbered by a mortgage, which defendant assumed. He also paid cash to the amount of five hundred

dollars in the trade. It was agreed that the value of the farm was twenty-five hundred dollars, and that of the lots one thousand dollars. At the time of the transaction there was on record in the county an instrument purporting to be a mortgage on the lot, executed by a former owner, securing an indebtedness of eight hundred dollars. The parties each conveyed by quit-claim. The substance of plaintiff's claim is that he is illiterate, and that he did not understand the character or effect of the conveyances, and that defendant fraudulently concealed from him the fact that the conveyance which he was giving him was but a quit-claim; also that he concealed from him during the negotiations the fact of the existence of the mortgage, although he knew of its existence, and assured him that his title to the lot was perfect. Defendant, in his answer, denied that he had concealed the existence of the mortgage, and alleged that he had informed him fully as to that fact, but that the former owner, whose deed it purported to be, claimed that it was a forgery, and that a suit had been instituted for its foreclosure, but that the same had been dismissed when the defense of forgery was interposed. The evidence showed that a suit had been instituted after the trade, to which plaintiff was a party, in which a judgment of foreclosure was entered, under which the lot had been sold, and a deed had been executed to the purchaser.

On plaintiff's motion the district court struck out of the answer the following allegation: "Defendant expressly avers that, notwithstanding said decree (the judgment of foreclosure), he yet believes and alleges the truth to be that said mortgage was and is a forgery, and that, if plaintiff had made proper and diligent defense against the same, it would have been so adjudged and decreed." The ground of the motion to strike was that the averment was not applicable to any issue presented, and that the matters alleged, if true, could not be proven, the same being incompetent. It was contended on the argument that the allegation was not sufficient to raise the issue that plaintiff had a sufficient and valid defense against the mortgage which he had negligently

failed to interpose or establish on the trial. But it is
manifest that that question was not ruled upon by the
district court, nor was it raised by the motion. The
question raised is as to the competency of the matter
pleaded as a defense; and the ruling, in effect, was
that the judgment in the foreclosure proceeding was
an adjudication of the question of the validity of the
mortgage, which was binding on the parties, and that
it could not be inquired into in this action. In our
opinion, the ruling is erroneous. The judgment is
conclusive upon the parties to the action, and, as
between them, determines that the mortgage is valid,
and its enforcement can no longer be resisted or ques-
tioned by either of them. But defendant was not a
party to the action, and he had no interest which
demanded protection, or which would have given him
any standing in court to resist the enforcement of the
mortgage. He had parted with an interest in the prop-
erty, and he is not now seeking to question either the

**4. VENDOR and vendee: fraudulent mortgage : duty to resist.** judgment or any right acquired under it;
but his claim is that plaintiff had a defense
which, if he had interposed, would have
prevented the very injury for which he is
now seeking redress; and he is not estopped by the judg-
ment from asserting that defense. Suppose that plain-
tiff, with knowledge that the mortgage was a forgery,
had consented to the foreclosure, it would hardly be
contended in that case that defendant could not show
that fact in defense against the claim that is now made
against him. But wherein would the situation of the
parties differ in that case from this? The judgment
would as conclusively determine the validity of the
mortgage as does the one in question. The act of con-
senting to the judgment would be a fraud by plaintiff
which would preclude any recovery by him for the
injury which resulted from it. In this case, under the
averment in question, the injury was caused by his neg-
ligence, which as certainly precludes a recovery.

III. When the parties were about to execute the
conveyance there was some inquiry by plaintiff as to the

Everling v. Holcomb.

**5. ——: induce-ment: mis-representa-tions of agent.** state of the title to the lot. The parties were then in the office of the conveyancer who drew the deeds, and defendant referred plaintiff to him for information on the subject. There was evidence tending to prove that the conveyancer then declared in presence of both parties that defendant held the property by perfect title. He was also employed by defendant to prepare or procure an abstract of the title, which he delivered to plaintiff several days after the deeds were executed and delivered. Against defendant's objection, plaintiff was permitted to introduce evidence tending to prove that when he delivered the abstract of title he made substantially the same statement. There are two grounds upon which the evidence should have been excluded : (1) The trade had been fully consummated, and the alleged statement could not have operated as an inducement to it ; and (2) the conveyancer was not at that time acting for defendant in the matter to which it related.

IV. Against defendant's objection, plaintiff was allowed to prove that defendant had purchased the lot

**6. ——: fraud: concealment of mortgage: evidence.** but a short time before the transaction, and had paid but four hundred and fifty dollars for it. This evidence was admitted on the theory that it had some tendency to prove the allegation of fraud. If there had been any issue as to whether defendant knew of the existence of the mortgage, the fact that he had been able to purchase the property for much less than its market value, which was shown to be one thousand dollars, might have had some tendency to show that he knew of the incumbrance. But there was no such issue. It was expressly admitted in the answer that he did know it. The only question in dispute was whether he had concealed the fact of the mortgage, and had represented that he held by a perfect title. If these facts were proven, plaintiff was entitled to recover. But the evidence in question had no tendency to prove them. The only effect it could have would be to confuse and mislead the jury as to the real

question they were to determine, and it should have been excluded.

V. The district court instructed that, if plaintiff was entitled to recover, the measure of his damages was the market value of the lot. If no part of the damages could have been prevented by redeeming from the mortgage, that would be the true measure of recovery; but, if anything could have been saved by redeeming, plaintiff can recover only such sum as would have been required to make the redemption. The reason of this is apparent. The wrong imposed upon him, according to his petition, consisted in the conveyance of the property to him in its incumbered condition, while he paid its full value. The incumbrance was the cause of the damage, and if, as the necessary consequence of the incumbrance, he lost the property, which would be the case if the debt equaled or exceeded the value of the property, that value would measure the damages resulting from the wrong. But if the incumbrance was less than the value, its amount was the measure of the injury; for in that case he acquired something of value by the conveyance, viz., the difference between the value of the property and the amount of the incumbrance. But while the evidence shows the amount of the principal of the mortgage debt, it does not show either the rate of interest or the cost of the foreclosure proceeding, and we cannot determine upon which theory plaintiff's damages should be estimated. On another trial the question will doubtless be met by the proof. As there was a question as to the validity of the mortgage, plaintiff could not with safety redeem until that question was determined. The amount of the mortgage debt and costs, as determined by the judgment, will afford the *data* for determining the question of the amount of the damages.

7. ――:――: *measure of damages.*

REVERSED.