LEMUEL SIMMONS, Appellant, v. ETTA J. SIMMONS *et al.*

Presumptions Where Paper is Not Found With Files: HOW OVERCOME. Where it is shown that an affidavit whereon to base service by publication was made, that the office of the clerk was loosely conducted, and a decree recites that it was on legal notice, the presumption arising from the absence of the affidavit from the files and the absence of a record of it in the appearance docket, is overcome.

*Appeal from Pottawattamie District Court.*—HON.
N. W. MACY, Judge.

FRIDAY, MAY 25, 1894.

ACTION in equity to quiet in plaintiff the title to
certain real estate.    There was a hearing on the merits,
and a decree for the defendants.    The plaintiff appeals.
*Affirmed.*

*Sims & Bainbridge* for appellant.

*Lee Swearingen* for appellees.

ROBINSON, J.—In January, 1880, the defendant,
Etta J. Simmons, now Etta J. Coulter, was married to
the plaintiff.   In November, 1890, the district court of
Pottawattamie county rendered a decree in an action
therein pending in which Mrs. Simmons was plaintiff
and her husband was defendant, divorcing her from
him, and awarding to her as alimony his interest in
certain lots in the city of Council Bluffs.    That interest
was said to be the full ownership of three lots, and the
ownership of an undivided one half of eleven others;
the aggregate interest not exceeding in value the sum
of two thousand dollars.    The husband was then a non-
resident of this state.    He was served with notice of the
action only by publication, and did not enter an
appearance therein.    In August, 1889, Mrs. Simmons
executed to the defendant W. S. Cooper a mortgage
on a part of the property acquired in that suit.
This action was commenced in December, 1891, to
recover the interest in the lots which was awarded to
Mrs. Simmons, as stated.    The plaintiff alleges that
the decree in that action, so far as it relates to the own-
ership of the lots, is void, for the reason that the court
which rendered it was without jurisdiction of the plain-
tiff or the lots.    Section 2618 of the Code, in regard to

the service of original notices, contains the following: "Service may be made by publication when an affidavit is filed that personal service can not be made on the defendant within this state in either of the following cases: * * * 5. In actions brought against a nonresident of this state * * * having in this state property * * * sought to be * * * appropriated in any way. * * * 8. When the action is for a divorce if the defendant is a nonresident of the state of Iowa.  * * * " It is said the court failed to acquire jurisdiction in the suit of the wife, because she failed to file the affidavit which the statute requires.  The publication of the original notice without the filing of the required affidavit would not have given the court jurisdiction.  *Carnes v. Mitchell,* 82 Iowa, 605, 48 N. W. Rep. 941, and cases therein cited. The record books of the district court include an appearance docket, in which the clerk is required to enter each suit brought in the court.  It is also his duty, upon the filing of any pleading or other paper in a case, to make in the appearance docket a memorandum of the date of filing.  No pleading of any description is filed within the meaning of the statute until the memorandum thereof is made, but that is not true of any other paper. See Code, sections 196–198, 200; *Everling v. Holcomb,* 74 Iowa, 724, 39 N. W. Rep. 117.  The affidavit required to give the court jurisdiction in the divorce suit was not a pleading; hence, if it was in fact filed, the failure of the clerk to make a memorandum of such filing in the appearance docket would not defeat the jurisdiction of the court.  The appearance docket does not show that the required affidavit was ever filed, and it is not with the petition and other papers in the case.  The presumption which arises from these facts is that the affidavit was never filed. To rebut that presumption, it is shown that there was confusion and lack of system in the manner in which business was conducted in the clerk's office.

It frequently happened that the clerk failed to make in the appearance docket any memorandum of papers filed, and in the case in question, although the proof of publication of the original notice was duly filed, it was not noted in the appearance docket. It also frequently happened that papers filed were not placed with the papers in the cases with which they belonged. Mrs. Coulter testifies positively that she made the affidavit required. Her attorney in that case does not remember distinctly in regard to it, but his recollection is that it was made. In addition, the decree recites that Simmons "had been legally notified of the pendency of this suit by notice published in the *Weekly Nonpareil.*" But he could not have been so notified, unless the required affidavit had been filed; and the court must have found as a fact that it was on file. We are of the opinion that the facts stated fully rebut all presumption that it was not, and we must hold that the decree in that case is valid. What we have said makes it unnecessary to notice other questions presented to the court and discussed by counsel. The decree of the district court is AFFIRMED.