In re the Surrender of the Minor Children of JAMES T. and MRS. JAMES T. EAST to the Iowa Children's Home Society.

**Minors:** COMMITMENT TO CHILDREN'S HOME: FILING OF PAPERS: JUR-
1 ISDICTION. The indorsement on a paper of the fact and time of filing the same in a court of record, is not essential to its filing, but is merely evidence of that fact; and where it appeared that the complaint, in a proceeding to commit neglected children to a children's home, was presented to the court and an order for hearing based thereon was made; that notice was given and return of service made; that the mother appeared in response to the notice and was represented at the hearing by counsel, the fact that the complaint and notice with the return of service were not marked filed until after an order of commitment was entered, did not deprive the court of jurisdiction.

**Same:** COMPLAINT: SUFFICIENCY: WAIVER OF OBJECTION: JURISDICTION.
2 Although the complaint in a proceeding to commit neglected children to a children's home may have been defective in failing to name the children, and also because too general in its statement of the nature of the charges, still where the complaint as in the instant case alleges abandonment and neglect, tending to induce the children to lead dissolute, vicious and immoral lives, and there is an appearance by one of the parents in resistance of the application, without objection to its sufficiency, the court acquires jurisdiction; and the parent so appearing waives such objection to the complaint.

**Same:** NOTICE: JURISDICTION. It will be assumed in support of
3 the jurisdiction of the court that notice was given the proper parties, and the burden is upon the one who attacks the order of a court of general jurisdiction to show that the order was without jurisdiction. Thus while the statute requires service of notice upon the parents of a proceeding to commit neglected children to a children's home, still where the complaint showed that the father had abandoned them, and although the order for service directed that he be served, the officer's return showed that he could not be found in the county, thus indicating that he did not have their custody and control, it became incumbent upon him in seeking to set aside the order of commitment to show that he was entitled to notice.

**Same:** COMMITMENT: SUFFICIENCY OF EVIDENCE: WHO MAY QUES-
TION. Before a parent, who has abandoned his children, can complain of the sufficiency of the evidence to support an order committing them to a children's home, or can ask that the order be set aside for want of time in which to make defense, it must appear that he has a defense, and that if time was given a different result might be reached.

*Appeal from Sac District Court.*—Hon. F. M. Powers, Judge.

Friday, July 2, 1909.

Appeal from an order committing the six children of Mr. and Mrs. James T. East to the Iowa Children's Home.—*Affirmed.*

*Chas. D. Goldsmith,* for appellants.

*R. L. McCord, Jr.,* County Attorney, for Sac County.

Deemer, J.—On the 5th day of September, 1908, there was presented to the district court of Sac County, Iowa, a complaint of one J. J. Harter, who was overseer of the poor in and for Sac City, in said county, in the following words:

. J. J. Harter, the complainant, stated that he is a citizen of the state of Iowa, residing in Sac City, Sac County, Iowa, and that he is overseer for the poor in and for Sac City, in said county; that the Iowa Children's Home Society is a society legally incorporated and existing under the laws of the state of Iowa for the purpose of receiving, caring for, placing out for adoption, and improving the condition of abandoned, abused, ill-treated, friendless and orphan children; that the following named children, to wit: . . . reside with their mother in Sac City in said county, and that James East, the father of said children, has abandoned them, and that by reason of the neglect of the said father, James East, and the said mother, the above-

named children are in circumstances tending to induce said children to lead dissolute, vicious and immoral lives. Wherefore the complainant asks that such children be taken from their said parents and committed to the Iowa Children's Home Society.

This complaint was duly verified, and the trial court made the following order thereon:

Now at this time, to wit, September 5, 1908, the complaint of J. J. Harter against James East and Mrs. James East was presented to the court, and, the court being fully advised in the premises, it is ordered that a copy of said complaint and this order be served upon James East and Mrs. James East, and that the time· fixed for hearing such complaint shall be on the 5th day of September, 1908, at the hour of four p. m. at the courthouse in Sac City, Sac County, Iowa. It is the further order of the court that the sheriff forthwith take. into his custody all of the said minor children of the said James East and Mrs. James East, and present them before the said court at the time and place above stated where said cause shall be heard and determined, and this order shall be his sufficient warrant therefor. ·F. M. Powers, Judge.

Pursuant to this order notice was served. and return thereof made in the following language:

I, G. E. Williams, deputy sheriff of Sac County, Iowa, being duly sworn, on oath say and do hereby certify and return that on the 5th day of September, 1908, I received for service a certain order and copy of which is hereto attached, marked 'Exhibit A' and a certain copy of complaint a copy of which is hereto attached, marked 'Exhibit B,' and that on the 5th day of September, 1908, I served the said order and the said copy of complaint on Mrs. James East in Sac City, Sac County, Iowa, by reading to her, in her presence and hearing, the said order and the said copy of complaint and by delivering to her true copies thereof, and that I did not find James East within said county. I further certify and return that I

took into my custody the following named minor children of James East and Mrs. James East, namely: Garnet Cecile East, Hazel Aurey East, James Lew East, Blanche Marie East, Arthur Merle East, Owen Keir East—and presented them before the district court of Sac County, Iowa, at the courthouse in Sac City, Sac County, Iowa, at 4 o'clock p. m., September 5, 1908.  G. E. Williams, Deputy Sheriff of Sac County, Iowa.

Mrs. James East appeared before the district court at 4 o'clock p. m. September 5th in response to this notice, for the purpose of resisting the application, and, being without counsel, the judge appointed Hon. Chas. D. Goldsmith to appear for and represent her at said hearing. Thereupon testimony was taken, and at the conclusion thereof the trial court made the following order:

Be it remembered that on this 5th day of September, A. D. 1908, complaint having been made to me under the provisions of chapter 8, title 16, Code of Iowa, that Garnet Cecile East, a minor child about the age of sixteen years, born July 16, 1892, Hazel Aurey East, a minor child about the age of twelve years, born October 16, 1895, James Lew East, a minor child about the age of ten years, born December 16, 1897, Blanche Marie East, a minor child about the age of eight years, born April 16, 1900, Arthur Merle East, a minor child about the age of seven years, born July 5, 1901, and Owen Keir East, a minor child about the age of five years, born June 11, 1903, by reason of the neglect of their parents, James East and Mrs. James East, are in circumstances tending to induce said children to lead dissolute, vicious and immoral lives, and upon hearing it appears to me that the allegations of said complaint are fully established, and that the welfare of said children requires that they should be surrendered to the Iowa Children's Home Society, a corporation duly organized under the laws of the state of Iowa for the purpose of caring for and protecting friendless children.  Therefore, under and by virtue of the power and authority vested in me by chapter 8, title 16, of the Code of Iowa, it is hereby ordered that the said minor children above named

be, and they are hereby, surrendered to the care, custody, and control of the said Iowa Children's Home Society. And said Home Society is hereby made and constituted the legal guardian of the persons of said children, and authorized to have and exercise all the right and authority of the parents of said children, as provided by chapter 8, title 16, of the Code of Iowa.

Thereafter, and on October 23, 1908, it still being at the regular term of said court, James T. East appeared, and filed a motion to set aside the foregoing order, and to grant him a new trial and hearing of the matter for the following reasons: "(1) The court had no jurisdiction to make, render or enter such order of record, or otherwise, for that no notice of the proceedings has ever been served upon the parents of such children, as provided by section 5, chapter 133, of the Acts of the Twenty-Ninth General Assembly, nor any other notice whatever; (2) there is no sufficient evidence to support such order; (3) that there has been no complaint filed with the court, nor served upon the parents of such children, as provided by section 5, chapter 133, of the Acts of the Twenty-Ninth General Assembly; (4) that the parents of the children were taken by surprise, and had no time nor opportunity to prepare for trial, or present their defense. In support of this motion your applicant refers to the record made and entered in this case." This motion was submitted, and the court made an order overruling the said motion, and James T. East duly excepted to this ruling. · Appeals were taken by both Mr. and Mrs. East, and the case comes before us for review upon the record so made. Appellants contend that the court had no jurisdiction of the matter, because there was no notice to James T. East, and his wife, Mrs. James T. East, that no sufficient complaint was ever filed or served according to law, that the court was in error in denying the motion of James T. East, and in refusing him an opportunity to be heard on the merits

of the controversy, and that the entire proceedings were *coram non judice.*

Under the law as it stood when these proceedings were had, abandoned, abused, ill-treated, friendless or orphan children may be ordered surrendered to a legally incorporated society for the purpose of receiving or caring for them by any court of record, or by a judge thereof, upon complaint made and proceedings had therein as by law provided. Section 3260-d *et seq.* of the Code Supplement specifies the procedure in such cases, and the material provisions read as follows:

Sec. 3260-d. Whenever it shall be made to appear to any court, judge, mayor or justice of the peace, as above provided, that any child within its jurisdiction, by reason of orphanage, or neglect, abuse, crime, drunkenness, or gross immorality of one or both of the parents, or other persons having custody of such child, is abandoned, ill-treated, or friendless, or in circumstances tending to induce such child to lead a dissolute, immoral or vicious life, then it shall be the duty of such court or magistrate to take such child away from its parents or those having control thereof, and commit it to some society incorporated for that purpose, or to some other person or guardian, as may seem to be for the best interests of such child, and the society or person so adopting shall be required to keep such child if over seven years of age and under fourteen years of age, in school during the school sessions of the school district in which said child is kept or in some parochial school for like period.

Sec. 3260-e. All proceedings under section four of this chapter shall be by written complaint duly verified, which complaint shall state the cause of action and the relief asked. If it shall appear that such child is in the custody and control of parents, guardians, or other persons, such parents, guardians or other persons shall be served with a copy of said complaint, and such notice of the time and place of the hearing thereof as may be ordered by the court or magistrate by whom the case is to be tried; which notice and copy shall be served in the same manner as is

provided in the service of original notices. An appeal may be taken to the district court from the order of a magistrate at any time within twenty days thereafter, in the same manner as appeals are taken from judgments in justice courts, except that no bond shall be required to stay proceedings.

Sec. 3260-f. Upon filing of proper complaint, the magistrate may, if thought best, issue a warrant directed to the sheriff or other peace officer, requiring such peace officer forthwith to take into his custody the child described in such complaint, and to retain possession of it subject to the order and direction of the court.

The record shows that the complaint which we have heretofore set out was not marked filed until November 11, 1908, and that it does not give the names or ages of the minor children. The return of service was not marked filed until November 23, 1908, and this shows service upon the mother alone, the father, James East, not being found within the county. This return also shows that the sheriff took six minor children of Mr. and Mrs. James East into custody, and presented them to the district court pursuant to its order made on September 5, 1908. The record further shows that Mrs. James T. East appeared in response to the notice, that an attorney was appointed to represent her, and that a hearing was had resulting in an order which we have heretofore set out. The exact points now made are that the complaint was insufficient both in form and substance; that it was not filed until long after the order of commitment was made; that not sufficient time was given the parents to resist the complaint; that no notice was given the father of the children; and that the court proceeded under a law (chapter 8, title 16 of the Code) which had been repealed and not under the substitute therefor. It is also claimed that the court was in error in not sustaining the motion of James T. East to set aside the order. While it is true that neither the complaint

1. MINORS: commitment to children's home: filing of papers: jurisdiction.

nor the return of service was marked "filed" until long
after the order was made, yet it does appear that the com-
plaint was presented to the court, and order made thereon,
and that the return of service was made by the sheriff
in due season, and that the mother responded to the ser-
vice, was present in court in person and by attorney, and
was given a hearing on the original complaint. That both
the complaint and notice were filed, or in other words that
they were presented to the court, received and acted on by
it and left in its official custody, is clear from the record
presented. It is not necessary that an indorsement of fil-
ing be made upon any paper in order to constitute a filing.
A paper may be filed without being marked or indorsed by
the clerk or any other official. The memorandum or in-
dorsement is simply evidence of the fact and time of filing,
but is not essential thereto. *In re Conant's Estate,* 43 Or.
530 (73 Pac. 1018); *Harrison v. Clifton,* 75 Iowa, 736.

In our opinion there are but three questions which
demand attention, and these are: (1) Was there a suffi-
cient complaint presented to the court to give it juris-
diction? (2) Was notice thereof to the father, James East,
essential to give jurisdiction? And (3) did the court err
in denying James East's motion to set aside the order, and
in refusing to give him a hearing on the matter? First,
then, as to the complaint. A reference to the statute dis-
closes that there must be a written complaint, duly verified,
stating the cause of action and the relief asked. The statute
is general in terms, although it does require that the com-
plaint must state the cause of action and the relief asked.

Turning now to the complaint, we find that, although
it does not name the children, it does allege that the minor

2. SAME: com-
plaint: suffi-
ciency:
waiver of ob-
jection: juris-
diction.

children of Mr. and Mrs. James T. East
had been abandoned by the father, and that
both mother and father had so neglected
them as to induce them to lead dissolute,
vicious and immoral lives. The complaint was manifestly

defective in that it did not name the children, and was quite general in its statements regarding the nature of the charges. It was, of course, subject to attack for these reasons, but can not, in view of the appearance made thereto by Mrs. East and her attorney, be regarded as a nullity. No objection was raised thereto, but a trial was had thereon, and an order made, which we have heretofore set out. It is immaterial that the court based its action upon a statute which had been repealed, if there was a substantial compliance with the law as it then existed. The children were produced in court pursuant to the order, their names and ages ascertained, and a finding made which would justify their surrender to the Children's Home. The rule which obtains everywhere is that, when there is an appearance to an information or complaint, all objection thereto must be raised before trial, or they will be deemed waived. *People v. Heffron,* 53 Mich. 530 (19 N. W. 170). Of course, if the complaint states no cause of action, it is nothing more than waste paper, and failure to object is no waiver. See *Heffron* case. This complaint does show an abandonment of the children by the father, and a neglect upon the part of both parents tending to induce the children to lead dissolute, vicious and immoral lives. No service was required upon the children, and Mrs. East appeared, and resisted the application without making any objection to its form or substance. It will not do to say, under such circumstances, that the court had nothing before it upon which to act, and was therefore without jurisdiction.

As to the notice. While the complaint showed an abandonment of the children by the father, the court directed service of the complaint and of its order upon both father and mother. The deputy sheriff made a return that he did not find James East within the county and that he did not serve him, although he did serve Mrs. East. The statute requires service upon

3. Same: notice: jurisdiction.

the parents if the children are in their custody and control. If not, then upon the person having their custody and control. The complaint showed that the father had abandoned the children, and they were not, therefore, in his control and custody; and, while the order directed that he be served, the sheriff returned that he did not find him in the county, thus indicating that he did not have the custody and control of the children. No objection was made by the mother to the service of the notice, and when the father, James East, appeared and filed his motion to set aside the order and grant a new trial, he did not show that the children were in his custody and control, or that he was entitled to notice of the proceedings. It then became a question of fact as to whether or not the father had such custody and control of his children as entitled him to notice of the proceedings. There is no such showing in this record as would justify us in holding that the trial court was without jurisdiction because of want of notice to James East. It will be assumed, in support of the jurisdiction of the court, that notice was given to the proper parties, and the burden is upon him who attacks an order of a court of general jurisdiction to show that the order was without jurisdiction. There is, as we have said, no showing at the time of the commencement of the proceedings, or afterwards, that James East did have the custody and control of the children. He afterward appeared and asked the court to set aside the order for the reasons stated. The granting of such a request was largely within the discretion of the trial court, and no abuse of that discretion is here shown. For some reason the testimony upon which the trial court acted in making the original order has not been presented to us, and it must therefore be presumed that there was ample to justify the conclusions of the trial court. James East did not claim in his motion that he had any defense to the proceedings. His claims were that the court had no jurisdiction for want of sufficient complaint,

and by reason of the fact that no notice was given. He also charged that there was not sufficient testimony to support the order, and that he was taken by surprise, and had neither time nor opportunity to prepare for trial or present his defense. No testimony was taken upon this application, and it does not appear upon what the court acted in making its original order. Mrs. East appeared to the application, but took no exception to its form, and did not ask for additional time. There is no such showing in this record as would justify us in finding that the trial court abused its discretion in overruling the application of James East.

Mrs. East's appeal is without foundation, save as it may appear that the court had no jurisdiction, either because of insufficient complaint, or by reason of want of service of notice upon her husband. She was in fact served. But even were this not shown, she voluntarily appeared and went to trial without raising any objection to the form or substance of the complaint and without asking for any further time to make her defense. There is no such showing as would require a notice upon her husband to give jurisdiction, and she waived all defects in the complaint. James East has no standing in court unless it appears that he was a necessary party to the proceeding, and was entitled to notice, or that the proceedings were *coram non judice.*

He can not complain of insufficiency of the testimony, nor ask that the order be set aside for want of time in which to resist the application, for he presents no defense to the order, and does not show that if time were given, any other result could or would be reached. The real merits of the matter are not presented to us, for the testimony upon which the order was made has not been embodied in the record. We must therefore assume that the original order was fully justified by the evidence. The propositions re-

4. SAME: commitment: sufficiency of evidence: who may question.

lied upon are all technical, and finally resolve themselves down to this: Was the complaint, although defective both in form and substance, sufficient to give the court jurisdiction? We think that it was, and that, in the absence of proper and timely objection, it furnished a foundation upon which to bottom the order made.

No error appears, and the orders and judgment are each and all *affirmed.*