FARMERS' AND MERCHANTS' BANK OF AURORA, Appellee, v. WELLS & POTTER et al., Appellees; ARTHUR T. BARLAS, Intervener, Appellant.

**ATTACHMENT:**   Failure to Note Bond on Appearance Docket. Failure to enter, on the appearance docket, a notation of the filing of an attachment bond, in no wise invalidates the attachment.   (See Secs. 291, 3557, 3885, Code, 1897.)

*Appeal from Buchanan District Court.*—H. B. BOIES, Judge.

NOVEMBER 20, 1920.

ACTION on certain promissory notes, aided by issuance and levy of writ of attachment. Memorandum of filing of bond was not entered in appearance docket, and on that ground intervener prayed in his petition that the attachment be dissolved, and moved that the levy thereof be discharged. On hearing, the court dismissed the petition of intervention, and overruled the motion to discharge the levy. The intervener appeals.—*Affirmed.*

*Cook & Cook* and *Rubovits & Hirsch,* for appellant.

*R. J. O'Brien,* for appellee.

LADD, J.—The plaintiff sued on two notes for $1,120 each, and caused a writ of attachment to be issued and levied on certain personal property, mostly creamery fixtures and machinery. Thereafter, intervener, in an action commenced August 6, 1919, against the same defendants, caused a writ of attachment to be issued and levied on the same property. By petition of intervention, as well as motion to discharge, intervener prayed that the writ issued in plaintiff's suit be dissolved, and the levy discharged. It appears that a bond, in amount and sureties qualified as required by statute, was presented to the deputy clerk of court, and by him indorsed on the back, "Filed, examined, and approved, May 9, 1919. D. C. Hood, by Wilbur T. Ryan, Deputy." The deputy then placed the bond in the safe, and not with or among the papers of the case. No entry was made on the appearance docket until September 22d, after intervener's petition and motion had been entered on the appearance docket. Such petition and motion, however, had been marked thereon before the deputy clerk had noted on the appearance docket, "May 9, 1919, bond," and opposite thereon, "This entry made September 22, 1919." Attachment bonds customarily were kept in the safe in the clerk's office. On the appearance docket appeared entries of filing of petition, order for publication, May 9, 1919, writ of attachment, May 12th of same year, original notice, filed June 9, 1919. Subsequently, the intervener's motion was overruled, and petition of intervention dismissed, judgment *in rem* was entered, as prayed, and levy of attachment confirmed, and special execution directed.

We are of opinion that the ruling of the trial court should be sustained. Section 3885 of the Code requires that, before a writ of attachment issue, "plaintiff must file with the clerk a bond for the use of the defendant." Section 291 of the Code exacts that:

"The clerk shall, immediately upon the filing thereof,

make in the appearance docket a memorandum of the date of the filing of all petitions, demurrers, answers, motions, or papers of any other description in the cause; and no pleading of any description shall be considered as filed in the cause, or taken from the clerk's office, until the said memorandum is made."

It will be observed that, although a memorandum of papers in the case is to be made in the appearance docket, pleadings only are not to be considered filed until the memorandum is made. Impliedly, then, entry in the appearance docket of the memorandum of pleadings is mandatory. We have so held as to pleadings in *Johnson v. Berdo,* 131 Iowa 524, and other cases cited. The rule has been regarded otherwise, where affidavit of publication was marked filed, but no memorandum entered in the appearance docket (*Simmons v. Simmons,* 91 Iowa 408); and the same rule obtains where no such entry of the filing of deposition was made (*Byington v. Moore,* 62 Iowa 470); and the same as to the filing of bill of exceptions (*Royer v. Foster,* 62 Iowa 321); the filing of official reporter's shorthand notes of evidence (*Small v. Wakefield,* 84 Iowa 533); and as to filing of minutes of testimony before grand jury (*State v. Craig,* 78 Iowa 637). Section 3557 of the Code defines pleadings by saying that:

"Pleadings are the written statements by the parties of their respective claims and defenses and are:

"1.  The petition of the plaintiff;
"2.  The motion, demurrer or answer of the defendant;
"3.  The motion, demurrer or reply of the plaintiff;
"4.  The motion or demurrer of the defendant.

"The filing of a pleading or motion in the clerk's office during a term, and a memorandum of such filing made in the appearance docket within the time allowed, shall be equivalent to filing the same in open court.  *  *  *"

Manifestly, an attachment bond is an obligation, and not a pleading, and for that reason is excluded, as such, from the above enumeration of statutory pleadings, and a memorandum on the appearance docket is not required,

though, in the orderly transaction of business in the clerk's office, it may well be made. Other entries therein plainly indicated that a writ of attachment had issued and been levied, and thereby put other litigants on inquiry as to the existence of a bond, and inquiry at the clerk's office would have elicited information that such bond had been filed, and was in the vault for safe-keeping. Plaintiff, in procuring the bond to be approved, and delivering to the clerk's deputy, did all that was required of him; and whether he should enter a memorandum of its filing was purely directory, and the omission of the clerk therein did not obviate its sufficiency as a bond such as required for the issuance of a writ of attachment. The chapter of the Code on attachments is to be liberally construed. Section 3933 of the Code. No prejudice resulted from the clerk's omission. The rulings of the trial court in denying the motion to discharge the levy and dismissing the intervener's petition to dissolve the writ of attachment are—*Affirmed.*

WEAVER, C. J., STEVENS and ARTHUR, JJ., concur.