**Elmo J. PRINE, Jr., Appellee,**

v.

**John HOVICK, Appellant.**

**No. 53984.**

Supreme Court of Iowa.

April 7, 1970.

Pasley, Singer, Seiser & Pasley, Ames, for appellant.

Kersten & Opheim, Fort Dodge, for appellee.

LeGRAND, Justice.

This is an interlocutory appeal under rule 332, Rules of Civil Procedure. It challenges the propriety of an order overruling defendant's motion to dismiss plaintiff's cause of action on the ground that a prior dismissal of the same cause under rule 55, R.C.P., was a dismissal on the merits and that the doctrine of res judicata prevented plaintiff from starting the same action anew.

The claim arises out of an automobile accident which occurred on November 13, 1968, and resulted in property damage of $1620.67. Suit for that amount was started on September 10, 1969, by service of an original notice on defendant. The original notice stated a petition was then on file. In fact no petition had been filed; and, although it appears by affidavits that one was mailed to the Clerk of the District Court at Nevada, Iowa, the record shows it was never received by him, either at the time the original notice was served or later.

On September 24, 1969, defendant filed a motion asking that the action be dismissed for plaintiff's failure to file a petition as provided in rule 55. On that same date, an order of dismissal was entered without notice to plaintiff.

Plaintiff sought no relief from the effects of this dismissal, either by motion in the trial court or by appeal to this court. Instead on September 29, 1969, he started a new action by serving a new original notice, this time filing the petition as required by the rule. It is agreed that the action started on September 29, 1969, was between the same parties and was for the same cause as the suit dismissed by the order of September 24, 1969.

Defendant filed a motion to dismiss this second action, setting up the prior dismissal under rule 55, R.C.P. Defendant claims this was a dismissal on the merits which had become res adjudicata by plaintiff's failure to appeal.

The trial court overruled defendants' motion to dismiss the second suit and defendant appeals therefrom.

I. The very narrow issue presented raises once more the effect of a dismissal under rule 55, R.C.P., which provides as follows:

"If a petition is not filed as stated in the original notice served, any defendant may have the case dismissed as to him, without notice, at plaintiff's cost; and may docket it for this purpose by filing his copy of the original notice, if need be."

We have had occasion to consider this matter on several occasions, and each time have held that failure to comply with the literal terms of the rule entitles the defendant to a dismissal of the action. Plaintiff argues if a dismissal was justified at all, it was a dismissal without prejudice and does not prevent the starting of a new action. (The statute of limitations is not here involved.)

Our rulings have been to the contrary. In Credit Industrial Corp. v. Miller, 255 Iowa 1022, 1027, 125 N.W.2d 142, 144, and in George v. Gander, Iowa, 154 N.W.2d 76, 79 we held a dismissal under rule 55 is governed by rule 217 which provides:

"All dismissals not governed by rule 215, or not for want of jurisdiction or improper venue, *shall operate as adjudications on the merits unless they specify otherwise.*" (Emphasis added.)

The trial court's order of September 24, 1969, dismissing plaintiff's action did not "specify otherwise." It was a dismissal without limitation. Both the Miller and George decisions say this was a dismissal on the merits.

Except for the constitutional issue of due process which plaintiff raises here and which is treated in Division II, all the arguments advanced by plaintiff in support of the trial court's ruling were discussed and disposed of in the Miller and George cases.

The George decision was by a divided court, and the dissent there fully presents the objections which plaintiff relies on here.

We hold Credit Industrial Corporation v. Miller and George v. Gander, supra, control the case now at bar. For plaintiff to prevail, we must overrule those recent decisions.

Although we conceded the severity of this rule in our George opinion, we call attention again to the fact that rules are not mere technicalities to be observed or ignored at the option of the litigants. We repeat what we said in Esterdahl v. Wilson, 252 Iowa 1199, 1208, 110 N.W.2d 241, 246:

"The so-called technicalities of the law are not always what they seem. When they establish an orderly process of procedure, they serve a definite purpose and are more than technical; they have substance, in that they lay down definite rules which are essential in court proceedings so that those involved may know what may and may not be done, and confusion, even chaos, may be avoided. They are necessary; without them litigants would be adrift without rudder or compass. We have, and should have, no compunction in following them when they are clear and definite."

We are not persuaded we should overrule our previous holdings. We are forced to conclude therefore that the trial court erred and that defendant was entitled to a dismissal of plaintiff's action.

II. We call attention to one other matter. Plaintiff raises here for the first time constitutional questions involving due process. He says that a dismissal of the first case without giving him an opportunity to be heard and withoout notice to him deprived him of due process.

The place to raise that issue would seem to have been by attack on that order. No appeal was taken. However, even if we assume it could properly be used in this case, it is raised for the first time on this appeal. The matter was presented to the trial court on defendant's motion to dismiss; plaintiff's resistance, supported by several affidavits; and defendant's reply thereto. The matter was orally argued before the trial court. Nowhere was a constitutional question raised. It is not available to plaintiff now to support the trial court's ruling.

We most recently considered this question in Volkswagen Iowa City Inc. v. Scott's Inc., Iowa, 165 N.W.2d 789, 794, where we reviewed our previous decisions and reiterated that on appeal neither an appellant nor an appellee may rely on a proposition which is beyond the issues presented below.

We therefore hold the constitutional question of due process is not properly before us for review. We do not pass upon it. See Hinrichs v. Iowa State Highway Commission, 260 Iowa 1115, 1121, 152 N.W.2d 248, 252.

We reverse the ruling of the trial court and hereby dismiss plaintiff's action for the reasons set out in Division I.

Reversed.

All Justices concur except BECKER, J., who dissents.