Ilene V. WILSON and William H. Wilson,
Appellants,

v.

William H. WRIGHT and Shari G. Dotson,
Appellees.

No. 54623.

Supreme Court of Iowa.

Sept. 9, 1971.

Rehearing Denied Oct. 15, 1971.

William Hill, Marshalltown, for appellants.

Philip H. Cless, of Hurlburt, Blanchard, Cless & Porter, Des Moines, for appellees.

STUART, Justice.

On August 15, 1969 defendants were served with an original notice of an action for damages resulting from personal injuries sustained by plaintiffs on August 20, 1967. The cause, docketed as Law No. 94118 in Polk County, was dismissed without prejudice October 31, 1969 on defendants' motion for failure to comply with Rule of Civil Procedure 55 on the ground that the petition was not on file on the date stated in the original notice. No appeal was taken from that dismissal.

The statute of limitations ran on August 20, 1969. On February 11, 1970 plaintiffs filed a second petition identical to that filed in Law No. 94118 except that a paragraph alleging plaintiffs were not guilty of negligence or lack of diligence in the prosecution of Law No. 94118 was added to bring the petition under section 614.10, Code, which provides:

"If, after the commencement of an action, the plaintiff, for any cause except negligence in its prosecution, fails therein, and a new one is brought within six months thereafter, the second shall, for the purposes herein contemplated, be held a continuation of the first."

The trial court dismissed the second cause of action on defendants' motion on the ground that the petition which included affidavits as to the circumstances sur-

rounding the filing of the petition in Law No. 94118 showed the dismissal of that action was the result of negligence attributable to plaintiffs and they were not entitled to relief under section 614.10.

■ Plaintiffs have the burden of pleading and proving their freedom from negligence in the prosecution of the first suit. Central Construction Company v. Klingensmith (1964), 256 Iowa 364, 367, 127 N.W.2d 654, 656. We therefore turn to the petition and supporting affidavits to determine whether they are sufficient to show plaintiffs were entitled to relief under section 614.10.

The original notice served on defendants in Law No. 94118 stated the petition "will be placed on file August 15, 1969". That day plaintiffs' counsel made arrangements with the Polk County Clerk of Court to leave the petition in the clerk's office that evening after office hours. The custodian under the clerk's orders let counsel into the clerk's office. Counsel placed the clerk's file stamp on the petition which showed: "Filed in Polk County, Iowa August 15, 1969, 8:14 p. m., Michael M. Doyle, Jr., Clerk, District Court". Neither the clerk nor any of his deputies were present. As August 15 was a Friday, the memorandum of the filing of the petition was made in the docket the following Monday and dated August 18, 1969.

In dismissing the action under R.C.P. 55, the trial court concluded the after hour stamping of the petition did not constitute a filing of the petition under section 606.11 and that the petition was not considered filed until the memorandum of filing required by section 606.11 was made. Section 606.11 provides:

"Pleadings—when deemed filed—removal of papers. The clerk shall, upon the filing thereof, make in the appearance docket a memorandum of the date of the filing of all petitions, demurrers, answers, motions, or papers of any other description in the cause; and no pleading of any description

shall be considered as filed in the cause, or taken from the clerk's office, until the said memorandum is made. Such memorandum shall be made before the end of the next working day."

■ As plaintiffs took no appeal from the dismissal without prejudice, this determination is not directly in issue and is the law of the case. However, we must consider possible reasonable interpretations of section 606.11 as the trial court's conclusion that plaintiffs were negligent in failing to prosecute Law No. 94118 was based on the finding that plaintiffs' counsel was charged with knowledge that the petition would not be "considered filed until it had been docketed" and that "the court's ruling in Law No. 94118 is consistent with the law as it has been interpreted in Iowa for more than fifty years, and plaintiffs may not cite the 1969 amendment to this section as an excuse or accident relieving them from the charge of negligence".

The 1969 amendment to section 606.11 deleted the word "immediately" before "make" in the first sentence and added the last sentence which according to the "explanation" attached to Senate File 590 was intended to make it " * * * clear that the clerk has at least one working day in which to docket these matters".

There was no change in that part of the section which provides "no pleading of any description shall be considered as filed in the cause * * * until the memorandum is made".

Our early cases held this clause created a mandatory duty to make the memorandum entry and no pleading has been "considered filed" until the entry was made. Farmers' and Merchants' Bank of Aurora v. Wells & Potter (1920), 189 Iowa 1312, 1314, 179 N.W. 838, 839; Johnson v. Berdo (1906), 131 Iowa 524, 527, 106 N.W. 609, 610; Simmons v. Simmons (1894), 91 Iowa 408, 410, 59 N.W. 272, 273; Winkleman v. Winkleman (1890), 79 Iowa 319, 322, 44 N.W. 556, 557; Everling v. Hol-

comb (1888), 74 Iowa 722, 724–725, 39 N. W. 117, 118; Nickson v. Blair (1882), 59 Iowa 531, 532, 13 N.W. 641; Padden v. Moore (1882), 58 Iowa 703, 706, 12 N.W. 724, 725. The cases also hold the memorandum entry was directory only as to all papers other than pleadings. Farmers' and Merchants' Bank of Aurora v. Wells & Potter, supra; Simmons v. Simmons, supra; Everling v. Holcomb, supra.

▋ We are not persuaded, however, that the change made by the legislature is so unrelated to this portion of the section that it was negligent to believe the filing date of the petition would be August 15 when it was delivered to the clerk's office on that date.

The change of the language from "immediately" make a memorandum entry to language giving the clerk until the end of the next working day to make the entry has serious implications to the practicing attorney and litigants. Under the previous wording of the statute, the lawyer knew it was the clerk's duty to make the memorandum entry "immediately" and the file mark had some significance and could be relied upon. True under the cases cited above the lawyer and his client could be in difficulty if the clerk failed to perform his duty, but if the clerk did what he was supposed to do, the filing date and time would be the same on the file mark and the docket entry.

After the amendment there is not necessarily any relationship between the information shown on the file mark and the docket entry. Here, there is a three day difference even though the clerk properly performed his duty under the statute. If the date of filing is determined by the docket entry rather than the date of delivery to the office the file mark loses all significance. How then could the court determine which party commenced an action or opened an estate first? Counsel would be required to wait until the clerk made the memorandum before he would know the filing date. He would have no author-ity to insist that the clerk make the entry the same day the papers were delivered to this office. In practice, allowable filing times would be shortened by at least one day in order to make certain papers were filed on time.

Many practical problems could be avoided if the statute as amended were considered to make the fact of filing dependent upon the memorandum entry in the docket but relating the date back to the date of actual filing. It is also true that questions would arise as to the timeliness of an answering pleading when the date is related back. We are not attempting to resolve the questions here, but are considering these problems as they relate to counsel's negligence.

We do not believe it negligent to take the position that the legislature, in making this change for the expressed purpose of giving the clerk an extra day to make his record, did not intend to cause the many complications which arise if the date of the memorandum is considered the filing date.

Other than some dictum in Nickson v. Blair, supra, we found nothing in our cases which indicates that the date of filing should not relate back to the date the papers were delivered to the office even though they could not be "considered filed" until the memorandum entry is made. The relating back of the date does not conflict with the wording of the statute which uses the word "filing" in connection with the delivery of the papers to the office.

"The clerk shall, immediately upon the *filing* thereof, make in the appearance docket a memorandum of the *date of the filing* of all petitions * * * and no pleading * * * shall be *considered as filed* in the cause * * * until the said memorandum is made." (Emphasis supplied.)

We do not consider it negligent to interpret this language to mean that the filing date is the date of delivery of the pleading to the office although the pleading is not "considered filed" until the entry is made.

As stated earlier in the opinion, no appeal was taken from the ruling of the trial court in Law No. 94118 that under section 606.11 the petition was not filed as stated in the original notice. We therefore are not passing upon the matters discussed above or upon the question as to whether the amendment changed the duty to make memorandum entries of pleadings from a mandatory duty to a directory one only. We only hold here that such position is not so unreasonable as to constitute negligence on the part of counsel and that plaintiffs have by their pleadings and supporting affidavits brought themselves within section 614.10 and have stated a cause of action.

For the reasons stated the case is reversed and remanded for further proceedings in accordance herewith.

Reversed and remanded.

All Justices concur except UHLENHOPP, J., who dissents.

UHLENHOPP, Justice (dissenting).

Plaintiffs present a hard case, but their hardship is largely self-imposed. Since 1851 the Iowa statute of limitations has required personal injury actions to be commenced within two years, but some litigants wait until the eleventh hour to sue and then run afoul of some statute or rule in commencing their belated action. Such is the situation here.

Two actions are involved. When plaintiffs' claim was about to be barred by limitations, plaintiffs caused an original notice to be served on defendants which recited that plaintiffs' petition would be on file on August 15, 1969, a Friday. That day their attorney drove from Marshalltown to Des Moines, Iowa, arriving in the evening. In Des Moines, after obtaining permission by telephone from the clerk of district court, the attorney had the custodian let him into the clerk's office and stamped and left plaintiffs' petition there. The clerk or his deputy docketed the petition on Monday following, which was the next business day. Defendants subsequently moved to have that action dismissed because the petition was not filed on the day specified in the original notice. The district court dismissed the action without prejudice. Rule 55, Rules of Civil Procedure; Prine v. Hovick, 176 N.W.2d 183 (Iowa).

Within six months following dismissal of the first action but after the statute of limitations had run on their claim, plaintiffs commenced a second action under a special provision of that statute (§ 614.10, Code, 1971):

> If, after the commencement of an action, the plaintiff, for any cause *except negligence in its prosecution,* fails therein, and a new one is brought within six months thereafter, the second shall, for the purposes herein contemplated, be held a continuation of the first. (Italics added.)

The trial court dismissed the second action on motion, on the ground that plaintiffs did not show themselves free from negligence in connection with the first action. Hence this appeal by plaintiffs from the dismissal of the second action.

A threshold issue is whether § 614.10 applies at all. That statute assumes the "commencement" of a first action. Was the first action involved here "commenced"? Assuming arguendo that it was, the principal issue is whether plaintiffs were free from negligence in the first action, as the statute requires. The decision on that issue turns on the answers to these questions: (1) Was plaintiffs' first petition filed in time? (2) If not, was there negligence in connection with the late filing?

I. *Petition Timely Filed?* Plaintiffs contend their first petition was on file on Friday as their original notice stated it would be. When is a pleading "filed"? This question is governed by the following italicized portion of § 606.11, Code, 1971:

> The clerk shall, upon the filing thereof, make in the appearance docket a

memorandum of the date of the filing of all petitions, demurrers, answers, motions, or papers of any other description in the cause; and *no pleading of any description shall be considered as filed in the cause,* or taken from the clerk's office, *until the said memorandum is made.* Such memorandum shall be made before the end of the next working day. (Italics added.)

Since the clerk did not make the requisite memorandum until Monday, under the statute the petition was not filed until then.

The contention seems to be, however, that the following italicized words should be read into the controlling portion of § 606.11:

[N]o pleading of any description shall be considered as filed in the cause, or taken from the clerk's office, until the said memorandum is made *whereupon the filing shall relate back to the time the pleading was deposited in the clerk's office.*

The difficulty with this reading of the statute is that the added words are not in the statute. Had the legislature desired such words in the statute it would have put them there. Instead, it provided in clear and simple language that "no pleading of any kind shall be considered as filed, or taken from the clerk's office, until the said memorandum is made." The word "until" means "up to the time that", according to Webster's Third New International Dictionary. Thus, up to the time that clerk made the memorandum in the docket on Monday, the petition was not filed. The statute permitted the clerk to make the memorandum on Monday, which was "the next working day."

Plaintiffs cannot take comfort in prior decisions of this court. The statute comes down to us from 1862. 9 G.A. ch. 26, § 4. Since 1882 the rule of this court has been that the statute is mandatory and means exactly what it says. Padden v. Moore, 58 Iowa 703, 706, 12 N.W. 724, 725 ("It was not filed because no memorandum thereof was made in the appearance docket."); Nickson v. Blair, 59 Iowa 531, 13 N.W. 641 (statute mandatory); Winkleman v. Winkleman, 79 Iowa 319, 44 N.W. 556; Johnson v. Berdo, 131 Iowa 524, 527, 106 N.W. 609, 610 ("The statute points out *how pleadings shall be filed,* and the requirement was decided in the cited cases to be mandatory." Italics added).

Plaintiffs misapprehend the nature of the stamp which clerks today place on papers that are deposited in their offices. Such stamps have no legal efficacy. The records and books of the clerk are enumerated in chapter 606 of the Code, and no reference is made to any "received" or "filed" stamp. One will search in vain throughout the statutes for authorization of any stamp or for any legal effect of a stamp. Such stamps, like the "received" or "filed" stamps in other public and in private offices, are of great variety, but the use of them in connection with pleadings does not constitute the filing of those pleadings. The statute specifies what constitutes filing: entry in the docket. When that entry is made the pleading is "filed", and this is so whether or not the clerk ever stamps the pleading or writes on it. In re East Minors, 143 Iowa 370, 377, 122 N.W. 153, 156 ("A paper may be filed without being marked or indorsed by the clerk or any other official."); Fox v. McCurnin, 210 Iowa 429, 432, 228 N.W. 582, 583 ("the deposit of a separate paper with the clerk, and the stringing of it with the other papers in the case, according to the ancient practice or the attaching of it to them, is not of the essence of 'filing.' It is the actual entry"). Compare other statutory steps required to give documents legal efficacy: § 558.55 (indexing of deeds necessary although marked filed—see Nickson v. Blair, 59 Iowa at 532, 13 N.W. at 642); Rule 227, R.C.P. (recording necessary to constitute "judgment"—see Moreno v. Vietor, 156 N.W.2d 305 (Iowa)).

The first petition was not "filed" on Friday as the original notice recited it would

be. Hence defendants were entitled to have the first action dismissed, as the district court ordered. R.C.P. 55.

II. *Negligence In Untimely Filing.* Can plaintiffs escape a charge of negligence so as to have their second action be considered a continuation of the first one, under § 614.10?

If this were the ordinary situation of an attorney depositing a petition with a clerk, the case would be different. For many years § 606.11 provided that the clerk should "immediately" make the docket entry of filing. Attorneys could deposit a pleading in the knowledge that the clerk was required to log it in immediately. If the clerk failed to do so and the action was dismissed, the negligence would be that of the clerk, not of the party, so that the party could maintain a second action under § 614.10. Some careful attorneys actually observed the stamping of their pleading, or even had their office copy stamped additionally. In that way they had good evidence of the time the pleading was deposited for docketing "immediately", in case a dispute subsequently arose as to when the pleading was deposited with the clerk.

In 1969, however, the legislature amended § 606.11 by striking out the word "immediately" and by adding this sentence to the section: "Such memorandum shall be made before the end of the next working day." If, soon after the amendment, an attorney accustomed to the old law deposited a petition with a clerk during business hours relying on the former duty of the clerk to docket it immediately, but the clerk docketed it the next business day under the new law, the attorney could persuasively argue his reliance on the old practice in order to avoid a charge of negligence.

But those are not our facts. Plaintiffs' attorney candidly stated that he was a member of the General Assembly which enacted the amendment to § 606.11 in 1969. Not only that, he was a member of the House Judiciary Committee and indeed was committee chairman. The bill for this very amendment came to him. He had it in his hands and was familiar with it. He caused it to be favorably reported out by his committee to the House floor, and secured its passage. The bill became law July 1, 1969.

On the evening of August 15, 1969, this same attorney must have known he was dealing with a ticklish problem when he took the petition to the clerk's office. That he drove to Des Moines and secured entry into the clerk's office after hours demonstrates he appreciated · the critical nature of the situation. He must have been aware of two facts which are fatal to his claim of no negligence. One fact was that the petition would not be docketed that night—even if the old statute had still been in effect, he knew the petition would not in fact be docketed "immediately" for no one was on duty. The other fact was that, having handled the bill in the legislature shortly before, he must have been aware of the clerk's right to docket the petition on the next working day. Thus he can hardly claim reliance on the old law requiring the clerk to docket pleadings immediately.

The facts are awkward for the attorney and they are embarrassing, but they are the facts. The attorney's candid statement of the facts, while commendable, does not cause them to disappear. Plaintiffs have the burden of proving freedom from negligence. Central Construction Co. v. Klingensmith, 256 Iowa 364, 127 N.W.2d 654. No escape appears from the trial court's finding that plaintiffs have failed to sustain their burden.

Two final matters. Plaintiffs' attorney argues that his clients' action ought not fail because of his neglect. This argument is frequently asserted in cases of this kind, but, in civil proceedings at least, litigants must ordinarily stand or fall on the acts of their attorneys. Our procedural system requires scores of steps to be taken during the progress of a cause. If litigants could accept the fruits of their attorneys' good

work but disclaim their attorneys' authority to bind them when things go wrong, our whole procedural system would collapse.

The other matter is the contention that if the law requires the action to be dismissed, the law ought to be changed. That very well may be true. If Rule 55 is too harsh in permitting defendants to get actions dismissed when petitions are not timely filed, Rule 55 can be changed. If, on the analogy of Rule 236, the language of § 614.10 should be changed from "negligence" to "excusable neglect", such change can be sought. If § 606.11 should be changed back from "the next working day" to "immediately", such change can be made. Various other changes can be accomplished by the rule or statutory method if thought advisable in order to save the aborted case which was commenced at the eleventh hour. But today we have the statutes and rules as they are, and they cannot be amended or repealed in the name of interpretation.

The trial court was right. The judgment should be affirmed.