## STEIN v. CHAMBLESS & BANFORD.

1. Judicial sale: REDEMPTION. An assignment or sale by a judgment defendant of his right to redeem real estate sold at judicial sale for the satisfaction of the judgment, conveys to the assignee or purchaser only the rights of such assignor or vendor; and a redemption by such assignee or purchaser leaves the property subject to sale for the satisfaction of any subsisting lien thereon to the same extent it would be if in the hands of the judgment defendant.

2. ——— IRREGULARITY IN SALE. An execution was levied upon property, and the sale made under an *alias* instead of a *venditioni exponas*. *Held*, that while the sale was irregular, the irregularity did not render it absolutely void.

> *Argu.* 1. ——— SALE AFTER RETURN DAY. When an execution is levied before its expiration upon property, the sale may be completed after return day.

*Appeal from Muscatine District Court.*

WEDNESDAY, JUNE 7.

ACTION OF RIGHT. — At the trial, the plaintiff gets a finding for the land described in his petition. The defendants asked for a new trial, on the ground that the decision in the premises was against the facts and the law in the case. The bill of exceptions exhibits the following state of case:

*First.* A concession that the legal title of the land in controversy was in the defendant Banford prior to the judicial sales hereafter specified.

*Second.* At the February Term, 1858, John B. Dougherty and the firm of Lemp & Sells severally obtained judgment against the said Banford. The former purchased the land in dispute, at sheriff's sale, under his judgment, on the 21st of December, 1861. The latter purchased the same land at sheriff's sale, under their judgment, on the 3d of May, 1862, and a sheriff's certificate of purchase issued to each party. On the 12th day of November, thereafter, Lemp & Sells redeemed the land from the sale to

Dougherty, and took an assignment of Dougherty's certifi-. cate of purchase.

*Third.* At the September Term, 1860, the plaintiff obtained a judgment against the said Banford, and under it purchased the same land on the 14th of December, 1861. The first execution under this judgment was issued September 21, 1861, levied on the 14th of November, and expired on the 1st of December thereafter. It was returned, an alias execution issued, and the sheriff returns that he sold the property under both of said executions to the plaintiff. On the 15th of December, 1862, the year for redemption having run out, the sheriff executed to the plaintiff a deed for the premises, which was duly recorded.

*Fourth.* On the 2d of December, 1862, Banford assigned to defendant Chambless his right to redeem said lands from the sales to Dougherty and Lemp & Sells, and authorized him to receive the sheriff's deed for said premises, when the time for redemption should expire. Chambless did redeem, and on the 3d of January, 1863, the sheriff executed a deed to him as assignee of Banford, under the Dougherty sale, and on the 22d of May following, a deed under the Lemp & Sells sale. Under this state of facts the court overruled the motion for a new trial, and still held that the title to the premises and the right of possession were in the plaintiff, and rendered judgment accordingly, &c. Defendants excepted, and appeal, &c.

*D. C. Cloud* for the appellants.

*Richman & Carskadden* for the appellee.

Lowe, J. — The purchase by Chambless of Banford's right to redeem the property from the sales to Dougherty, 1. Judicial and to Lemp & Sells, conferred upon him no sale: redemption. other or better right than Banford himself possessed, and the legal effect of a redemption by him is the

same as if Banford himself had redeemed, leaving the property subject to be taken in satisfaction of any subsisting lien or judgment thereon. *Crosby* v. *Elkader Lodge No.* 72, 16 Iowa, 399; *Curtis* v. *Millard*, 14 Id., 128.

It follows, therefore, that the conveyance by the sheriff to Chambless, under the sales named, was irregular and wholly ineffectual to render nugatory the plaintiff's judgment lien, and the sale under it to him. This, as a proposition of law, does not seem to be controverted by counsel for appellants. But the chief ground of complaint 2. — irregularity in sale. is, that in the sale under the plaintiff's judgment, an irregularity intervened, rendering the same effectual to pass the title of the property to him; namely, that there was a levy upon the property by one execution, and a sale under said levy by or in virtue of an *alias* instead of a *venditioni exponas*. Regularly, under the directions of the statute, the sale should have been made under this last writ, instead of an alias execution; but, because it was not, it does not follow that the sale was void and ineffectual to pass the title to the purchaser, for the reason that the power of the sheriff to sell under the first execution was not, and had not been, exhausted at the time of the sale; and for this very sufficient reason perhaps was, that the officer made his return to the effect that he had sold the property under both executions aforesaid. *Arg.* 1. — sale after return day. At all events it has long and often been settled by the courts, that if the officer levies before the expiration of the execution, he may complete the sale as well after as before the return day of the writ. *Phillips* v. *Dana*, 3 Scam., 558; *Wood* v. *Colvin*, 5 Hill, 231.

The issuing, therefore, of the second writ under the circumstances stated in this case, neither added any new power to the sheriff, nor did it have the effect to annul that which he possessed under the first writ; and, inasmuch as it affirmatively appears from his return that he both levied

and sold under the first execution, it would be going far to hold that this act of supererogation, in placing an alias writ in the hands of a sheriff, had the effect legally to vitiate the transaction. To so hold would not quadrate very well with the policy of the law in upholding judicial sales, which this court has so fully recognized and laid down in the cases of *Hopping* v. *Burnam*, 2 G. Greene, 39; *Shaffer* v. *Bolander*, 4 Id., 201; *Burton* v. *Emerson*, 4 Id., 393.

In the case before us, the judgment, levy and deed are confessedly unobjectionable. Where this is so, under the authorities just referred to, and which but reflect the doctrine of a large class of decisions, other omissions or irregularities in a sheriff's sale will not affect the right or title of an innocent purchaser.

Affirmed.