Davis v. Shawhan.

---

## DAVIS v. SHAWHAN.

| 34 | 91 |
| 104 | 367 |
| 34 | 91 |
| 129 | 723 |

1. **Administrator: ENFORCEMENT OF JUDGMENT.** While a judgment rendered against a decedent prior to his death may be enforced against real estate upon which it is a lien, without being filed as a claim against the estate, this right of enforcement must be exercised while the judgment lien exists. Nor can the lien in such case be revived for that purpose by an action on the judgment.

2. —— **FILING OF CLAIMS.** That the county judge kept no books of record in his office in which to file claims; that a prior administrator had promised to pay the claim, and that the estate still remains un-

settled, are not sufficient as circumstances entitling the claimant to equitable relief within the meaning of section 2405 of the Revision, and will not prevent the bar of the statute therein provided for against claims filed after the expiration of eighteen months.

*Appeal from Keokuk District Court.*

FRIDAY, MARCH 29.

THIS is an action to recover of the estate of Alfred Reeves, deceased, the amount of a judgment obtained by John Tresler against said Alfred Reeves on the 25th day of October, 1857. The cause was before this court at the December term, 1870, on appeal from the ruling of the district court sustaining a demurrer to a petition in equity asking that the lien of the judgment be revived. This ruling was held to be erroneous and the cause remanded. An amended petition was filed substantially complying with the law as then held. The cause was tried by the court, and judgment rendered for plaintiff, and an order made awarding execution against certain real property. Defendant appeals.

*Mackey & Fonda* for the appellant.

*Geo. D. Woodin* for the appellee.

MILLER, J.— This cause was first before us at the December term, 1870, on a demurrer to plaintiff's petition, and

1. ADMINISTRA- again at the June term, 1871, on appeal from TOR: enforce- ment of judg- the finding and judgment of the court on a trial ments. on the merits. On the first appeal the ruling of the district court, sustaining a demurrer to plaintiff's petition, was reversed and the cause remanded. On the second appeal it was found that the finding and judgment of the district court on the trial was in substantial accord with our holding on the first appeal, and entertaining

doubts of the correctness of our former decision in the case, though no petition for a rehearing was then filed, an order was made setting the cause down for re-argument at the December term, 1871, which re-argument was, by such order, to embrace all the questions made on the first, as well as those made on the second appeal. The cause was accordingly fully and ably re-argued by both parties, the argument of plaintiff's counsel being treated as a petition for rehearing on the first appeal, which may be so done under our rules, though the time for filing such petition had expired. We proceed, therefore, to a determination of the whole case as finally submitted.

The petition shows that the judgment against defendant's intestate was rendered in 1857. That the intestate died in 1858, and administration was then granted on his estate and notice given. This action was not commenced until January 3, 1870, about twelve years after the rendition of the judgment, and almost the same length of time after notice of administration granted on intestate's estate. The petition also alleges that the judgment had never been filed as a claim against the estate, and states certain facts as reasons why the same had not been so filed, and prays that the lien of the judgment be revived against the lands of which Reeves died seized.

The first ground of the demurrer is, that the petition shows that the judgment has never been filed as a claim against the estate, and that the statute bars the action, more than eleven years having elapsed after notice of administration.

Upon the most careful investigation and mature deliberation, we are constrained to the opinion that this objection must be sustained, and that our former conclusion was incorrect. While a judgment may be enforced against real estate *on which it is a lien,* without being filed as a claim against the estate of the deceased owner of the land, yet this must be done while the judgment lien exists.

The judgment became a lien at the time of its rendition, and such lien continued for ten years. Rev., § 4109. It could have been enforced against the land at any time before the expiration of this period, even after the death of the judgment debtor, without filing it as a claim against the estate, and it is only necessary to so file the judgment where it is sought to obtain payment thereof out of the personal assets in the hands of the administrator. *Baldwin* v. *Tuttle*, 23 Iowa, 66 ; *Allen* v. *Moer*, 16 id. 307 ; Rev., §§ 2399, 2405.

The plaintiff, therefore, could have enforced his judgment against the real estate on which it was a lien, at any time within ten years, after its rendition unaffected by the death of the judgment creditor.

But he suffered this lien to expire before issuing execution, or making any effort to enforce the judgment. After the expiration of the lien, the plaintiff had no special claim to have his judgment satisfied out of the real estate on which it had been a lien. He could, then, only seek payment of his judgment from the personal assets in the hands of the administrator, in which case the real estate *might*, in the event of the inadequacy of the personal assets, be subjected to payment thereof. Rev., § 2374. But, to entitle one holding a claim against an estate of a deceased person, to payment from the personal assets, he must pursue the method prescribed by the law for that purpose, and it is enacted by section 2405, that "all claims of the fourth class (the one to which plaintiff's claim belongs), not filed and proved within one year and a half after notice of administration granted, are forever barred unless the claim is pending in the district or supreme court, or unless peculiar circumstances entitle the claimant to equitable relief."

Unsatisfied judgments rendered prior to the death of the decedent are required to be entered in the catalogue of claims, and so much thereof allowed as the plaintiff will

Davis v. Shawhan.

show by his own oath, or otherwise, is still unpaid. Rev., § 2399. Now, as we have seen, this is only necessary when it is sought to obtain payment from the personal assets in the hands of the administrator, and the judgment lien may be enforced against the real estate, notwithstanding more than eighteen months have elapsed since notice of the appointment of the administrator. Thus, the judgment creditor has two remedies, or rather he has recourse to two funds. He may either seek payment out of the personal assets, or he may enforce his lien on the real estate. If he adopts the latter, he must do so before his lien has expired ; he cannot do so afterward. If he adopts the former, he must file his claim duly proved within the time limited by law. The plaintiff has entirely failed to pursue either fund within the time limited, and his claim is therefore barred, unless the circumstances shown entitle the plaintiff to equitable relief. Rev., § 2405.

In our former decision the opinion was expressed that the lien of a judgment may be revived by an ordinary action at any time within twenty years. This period is fixed by the general statute of limitations, as that for the bringing of actions on judgments of a court of record. Rev., § 2740, subd. 5. And such is its general effect. But section 2405 forms an exception to this general rule. These provisions of the statute must be considered together, and force and effect given to each. If we hold that plaintiff has, in all cases, twenty years in which to bring an action and revive his judgment, we ignore section 2405 altogether. On the other hand we can give force and effect to the latter without impairing the general rule by the construction above given.

II. The second ground of demurrer which we will consider is, that which raises the question whether the petition showed facts and circumstances entitling plaintiff to equitable relief.

2. —— filing of claims.

The principal facts relied on for this purpose are, that

the county judge kept no books of record in his office in which to file claims of the kind sued on; that a prior administrator had promised to pay the claim, and that the estate is still unsettled.

We are clearly of opinion that these are insufficient. Whether there were such books kept in the county judge's office could make no difference. A transcript of the judgment, properly verified, could have been filed at any time after notice of the administrator's appointment was given. This was all that was necessary. The promise of the prior administrator was no excuse for the delay after the appointment of the defendant, for so many years, to enforce the judgment, and that the estate is yet unsettled, is not, of itself, a reason for granting relief against the delay. Did the facts but show, in a fair and reasonable degree, the plaintiff to be entitled to equitable relief, we should not hesitate to award it to him, since it is undisputed that the judgment has never been fully paid, but, giving them the most favorable construction, it is plain that he has been grossly negligent, and that had he been reasonably diligent he could long since have enforced payment of his judgment.

The judgment will therefore be reversed and remanded with leave to the plaintiff to amend his petition if he shall be so advised.

Reversed.