## BAYLESS v. POWERS, ADM'R.

1. **Estates of Decedents**: COLLECTION OF JUDGMENT AGAINST DECE-
DENT: STATUTE OF LIMITATIONS. Where a judgment has been ren-
dered against a decedent in his lifetime, which the personal estate is
insufficient to pay, an action may be commenced to enforce the payment
of the judgment by the sale of the real estate. Code, § 3092. But col-
lection must first be sought out of the personal estate; and, for the pur-
pose of such collection, the judgment must be clearly "stated, sworn
to and filed," as a claim against the estate, the same as any other claim.
If filed as a claim of the fourth class, and not approved and allowed by
the administrator, it must be proved, on notice to the administrator,
before the court, within twelve months of the giving of notice of the
appointment and qualification of the administrator. Plaintiff's claim
in this case, founded on such a judgment, not having been proved
within the twelve months, *held* barred by the statute of limitations.

*Appeal from Allamakee Circuit Court.*

SATURDAY, DECEMBER 15.

IN June, 1877, the plaintiff recovered a judgment in the
district court against Malachi Powers, who died in Septem-
ber, 1878, and the defendant was appointed administrator of
his estate. Notice of his appointment and qualification as
such was given October 20, 1878. In January, 1879, the
plaintiff filed a certified transcript of said judgment with the
clerk of the circuit court, as a claim against the estate, and
the same was entered by said clerk in the list of claims. But
the transcript was not entitled as against the estate or the
administrator, nor was the same verified until January 30,
1883.

In October, 1880, the plaintiff commenced a suit in equity,
in which he asked that the said judgment be declared a lien
on the decedent's real estate. This action was withdrawn in
November, 1880.

In February, 1883, notice of "hearing upon said claim,
and a copy thereof, was served upon said administrator, re-
turnable to the February term, in 1883, of the circuit court."

The estate at that time had not been settled. Upon the claim coming on to be heard, the plaintiff offered to amend the same by entitling it "Edwin Bayless, as administrator of Malachi Powers, deceased," which the court refused to allow. The defendant objected to the allowance of the claim, on the ground that it had not been filed against the estate, and because it was barred by the statute of limitations. The cause was submitted to the court, and it was held that the claim was barred by the statute, and the court refused to allow the same as a claim against the estate, and the plaintiff appeals.

*Dayton & Dayton,* for appellant.

*L. E. Fellows,* for appellee.

SEEVERS, J.—When a judgment has been rendered against a decedent in his life time, which the personal estate is insufficient to satisfy, an action may be commenced to enforce the payment of the judgment by sale of the real estate. Code, § 3092.

This section implies that such a judgment must be paid out of the personal estate in the first instance. But, before this can be done, it must be filed and allowed as a claim against the estate.

Claims against an estate must be " clearly stated, sworn to and filed." Code, § 2408. The administrator may approve and allow them. If he does not do so, they must be heard and allowed by the court, before they can be regarded as claims against the estate which the administrator is required to pay out of the proceeds of the personal estate. Code, § 2411.

The plaintiff's judgment, in so far as it can be regarded as a claim to be paid out of the personal estate, must be regarded. as belonging to the fourth class. As to such, the statute provides that, if they are not "filed and proved within twelve months of the giving of the notice of the appoint-

ment and qualification of the administrator, they are forever barred, unless the claim is pending in the supreme or district court, or unless peculiar circumstances entitle the claimant to equitable relief." Code, § 2421.

If the claim can be regarded as filed, no notice was served on the administrator, or attempt made to have it established by the court, until February, 1883—more than four years after notice had been given of the appointment and qualification of the administrator. Nor was the claim verified as required by the statute. As no equitable circumstances exist which it is claimed excuse the delay, we are of the opinion that the claim is barred, and, therefore, the judgment of the circuit court must be

AFFIRMED.