## Boyd v. Collins.

1. **Estates of Decedents**: JUDGMENT BEFORE DEATH: LIEN: NECESSITY OF FILING CLAIM. Where a judgment debtor dies, section 3092 of the Code does not require the judgment creditor to file his judgment as a claim against the estate in order to preserve his lien upon the real estate. (*Bayless v. Powers*, 62 Iowa, 601, distinguished; and see opinion for discussion of the statutes bearing upon the question.)

*Appeal from Davis Circuit Court.*

MONDAY, DECEMBER 13.

ROBERT BOYD qualified as administrator of the estate of

Nutter Rogers on the nineteenth day of November, 1884. The personal effects of the estate were of the value of $87.10. The deceased owned certain real estate which was incumbered by two mortgages, and by a judgment in favor of Caleb Collins. Claims were filed and allowed against the estate amounting to $295. The adminstrator procured an order for the sale of the real estate of the deceased, and an order of sale was made. None of the liens were filed as claims against the estate within one year from the time of giving notice of administration, nor at any other time. The order provided that the sale should not prejudice the rights of any lienholder. The administrator sold the land, as though it was clear of incumbrances, for the sum of $1,430. The purchaser paid off the two mortgages, which amounted to $744, as a part of the purchase price, and the balance of the money, amounting to $701, was paid to the administrator. The administrator filed his petition setting forth the above facts in substance, and asked for an order of distribution of the proceeds of the sale of the land among the creditors. Caleb Collins appeared and claimed the right to priority over the other creditors by reason of his judgment lien, or that the sale be set aside as void as against his lien. The court entered a decree that the judgment in favor of Collins was barred, and was not a lien upon said real estate, nor upon the proceeds of the sale of same. Caleb Collins appeals.

*S. S. Carruthers*, for appellant.

*Payne & Eichelberger*, for appellee.

Rothrook, J.—Collins was not a party to the proceedings for the sale of the land. His judgment was rendered in the life-time of decedent; and it is conceded that it was a lien on the real estate. The question to be determined is, was it necessary that he should file his judgment as a claim against the estate in order to preserve his lien?

Section 3092 of the Code is as follows: " When a judg-

ment has been obtained against the executor of one deceased, *or against the decedent in his life-time*, which the personal estate is insufficient to satisfy, the plaintiff may file his petition in the office of the clerk of the court where the judgment is a lien, against the executors, the heirs and devisees of real estate, if such there be, setting forth the facts, and that there is real estate of the deceased, describing its location and extent, and praying the court to award execution against the same." This section is substantially the same as section 3323 of the Revision of 1860, with the exception of the words in Italics; and it was held under that statute that a judgment lien could be enforced against the land after the death of the judgment debtor without filing the judgment as a claim against the estate. *Davis v. Shawhan*, 34 Iowa, 91; *Baldwin v. Tuttle*, 23 Id., 66.

By section 2882 of the Code, judgments in courts of record are liens upon real estate for the period of ten years; and, if there be no provision of the law qualifying this section so that where a judgment debtor dies the lien ceases before the lapse of ten years, the plaintiff's judgment in this case must still be a valid lien. Appellee claims that the amendment of the statute by the interpolation of the Italicised words requires the judgment creditor to file his claim against the estate the same as an unsecured creditor, and that resort to the lien can only be had after exhausting the personal estate. We fail to see that the amendment makes any difference in the rights of the judgment creditor. Indeed, it appears to us that the rights of the parties are not changed by the amendment. The judgment against an executor mentioned in the statute means a judgment enforcing a lien upon real estate; because a judgment against an executor on an unsecured claim, if such a thing can be, is no lien upon the real estate. Now, if, as we have seen, under the Revision of 1860, it was unnecessary for the plaintiff in a judgment against an executor to file the same as a claim against the estate, and he had the right to enforce his lien without

filing his claim, there is nothing in the amendment that would require one who obtains his judgment before the debtor's death to file the judgment as a claim. Section 2399 of the Revision provided that "unsatisfied judgments, rendered prior to the death of the decedent, shall be entered in the catalogue of claims, and so much thereof allowed as the plaintiff will show, by his own oath or otherwise, is still unpaid. But they possess no preference over other claims, except the liens allowed by law in their favor." This section was not incorporated in the Code. It is claimed that the right of the judgment creditor to proceed against the real estate without filing a claim was based upon this provision of the law. We think otherwise. The repealed section did not create a right which was taken away by its repeal. It recognized the liens allowed by law, and nothing more; and the law making a judgment a lien for ten years, regardless of the death of the judgment debtor, remains the same as if section 2399 were still in force.

Counsel for appellee claim that the case of *Bayless v. Powers*, 62 Iowa, 601, is decisive of the question, and that, following that case, the decree in this case must be affirmed; and it appears that the court below was of that opinion. In that case a judgment creditor, who obtained his judgment before the death of the judgment debtor, sought to establish his claim against the estate in the ordinary way by filing and proof. It was held that, as the claim was not filed within the twelve months allowed by statute for filing and proving claims, so far as the judgment could be regarded as a claim to be paid out of the personal estate, it should be deemed as belonging to the fourth class, and be filed and proved within one year. It is true, it is said in the opinion in that case that section 3092 of the Code "implies that such judgment must be paid out of the personal estate in the first instance;" but that question was not involved in the case; and all that was necessary to determine on the facts was that, where a judgment is sought to be established as a claim in the ordinary

way to be paid from the personal estate, it must be filed and proved within one year.

Surely, it is not necessary for a judgment creditor, before enforcing his lien, to go through the useless formality of filing and proving his judgment against an estate, where, as in the case at bar, there is no personal estate to subject to its payment, and, upon his failure to do so, lose the lien of a judgment by a bar which is not recognized by the statute. It is true that all the debts of an estate, secured and unsecured, should be paid from the proceeds of the personal property. This is the policy of the law; for the administrator has no right to appropriate real estate for that purpose unless absolutely necessary. And when a judgment creditor seeks to enforce his lien upon the real estate, it is the right and duty of the administrator to pay it from the proceeds of the personal assets in his hands; but that a judgment creditor loses his lien and his judgment because he does not file and prove his claim within one year, in our opinion finds no more warrant under the laws now in force than under the Revision of 1860 as construed by the cases above cited.

REVERSED.