B. HARRINGTON, Appellant, v. C. W. CLARK et al., Appellees.

EXECUTION: Issuance—Accounting for Lost Writ. The clerk may not be compelled to issue a writ of execution when another writ is outstanding and unaccounted for *by affidavit* (Sec. 11651, Code of 1924), even though the absent writ has expired by lapse of time.

EXECUTION: Levy—Failure to Perfect Lien During Lifetime of Debtor. An execution cannot be levied upon the real estate of a deceased debtor unless the judgment became a lien on the land during the lifetime of the deceased.

Headnote 1: 23 C. J. p. 393 (1926 Anno.) Headnote 2: 18 C. J. pp. 877, 940; 23 C. J. pp. 512, 1136.

*Appeal from Iowa District Court.*—R. G. POPHAM, Judge.

·FEBRUARY 10, 1925.

ACTION under Section 4036 of the Code, 1897, for an execution against the real property of a deceased debtor. Decree dismissing plaintiff's petition, and he appeals.—*Affirmed.*

*J. M. Dower* and *J. M. Redmond,* for appellant.

*Lewis & Dickson* and *Stapleton & Stapleton,* for appellees.

STEVENS, J.—I.   On March 12, 1919, appellant obtained a judgment in the district court of Iowa County against C. W. Clark for the sum of $14,041.95.   Payments made on the judg-

1. EXECUTION: is-
suance: ac-
counting for
lost writ.

ment aggregate $10,700.   The judgment debtor resided in Poweshiek County, and owned real· estate situated therein.   On the day the judgment was entered, a certified transcript thereof, together with an execution, was issued and delivered to plaintiff's attorney. The transcript was not filed in Poweshiek County, nor was the execution delivered to an officer for service.   The attorney to whom the transcript and execution were delivered by the clerk, testified that he did not know what became of them.   No return of the execution was ever filed in the clerk's office.   On September 22, 1920, a second execution was issued, directed to the sheriff of Poweshiek County, and delivered to him.   The incumbrance book of Poweshiek County contains an entry purporting to show that a levy was made upon the real estate of the judgment debtor in Poweshiek County on November 11, 1920.   No return was ever made of this execution; and, except the entries in the incumbrance book, which were offered in evidence, there is nothing in the record to show that a levy was made upon the land, or of what was done thereafter, if a levy was in fact made.   A transcript of the judgment was filed in the office of the clerk of the district court of Poweshiek County, December 7, 1920.   Charles W. Clark died testate, November 7, 1920, so that the transcript of the judgment was not filed in the office of the clerk of the district court of Poweshiek County until after the death of the judgment debtor.   The administrator of the estate of the deceased debtor with will annexed, together with the

devisees named in his will, are made parties defendant. The prayer of the petition for the issuance of an execution was resisted by all of the defendants, and the administrator with will annexed filed a cross-petition, asking that title to the real estate of the testator be quieted, and the cloud, if any, cast thereon by the transcript and entry in the incumbrance book of Poweshiek County be removed.

The principal grounds upon which the issuance of an execution was resisted by appellees (and the same are urged in this court) were that two executions were in existence at the time the petition of appellant was filed, and that no execution could issue upon a judgment not a lien upon the real estate of testator at the time of his death. It is also urged by appellees that the entry upon the incumbrance book is defective, and did not create a lien upon the land. Section 4036, Code, 1897, provides that:

"When a judgment has been obtained against a decedent in his lifetime, the plaintiff may file his petition in the office of the clerk of the court where the judgment is rendered, against the executor, the heirs and devisees of real estate, if such there be, setting forth the facts, and that there is real estate of the deceased, describing its location and extent, and praying the court to award execution against the same."

Section 3955 of the 1913 Supplement to the Code is as follows:

"Executions may issue at any time before the judgment is barred by the statute of limitations; and upon those in the district and Supreme Courts, into any county which the party ordering may direct, but only one shall be in existence at the same time. When the plaintiff in judgment shall file in any court in which a judgment has been entered an affidavit made by himself, his agent or attorney, or by the officer to whom the execution was issued, that an outstanding execution has been lost or destroyed, the clerk of such court may issue a duplicate execution as of the date of the lost execution, which shall have the same force and effect as the original execution, and any levy made under the execution so lost shall have the same force and effect under the duplicate execution as under the original. When the lost execution shall have expired by limitation and

such affidavit is filed, an execution may issue as it might if such lost execution had been duly returned."

No affidavit was filed in the office of the clerk, as required by the above section, nor was appellant able to offer any proof as to what in fact became of the execution issued September 22, 1920, further than such inference as may be drawn from the later disappearance of the sheriff to whom the instrument was delivered. Prior to the enactment of all the portion of Section 3955, supra, after the first sentence, by the thirty-second general assembly, this court held that an execution once issued must be deemed in existence until it has been returned. *Merritt v. Grover*, 57 Iowa 493. Conceding, for the purpose of this case only, that the proof offered to the effect that the execution issued on the day judgment was entered was never delivered to an officer, is sufficient to meet the requirements of the statute, to go further, and hold that the ▪court may order an execution issued, with the showing in this case, without the filing of the affidavit required by Section 3955, would be to deny the same any practical legal effect. It is true that the time fixed by the statute for the return by the sheriff of an execution has long since expired; but we have held that, if a levy was made, a valid sale may be made thereafter. *Stein v. Chambless & Banford*, 18 Iowa 474; *Walton v. Wray*, 54 Iowa 531. It seems to us that the clerk cannot be required to issue an execution where there is one in existence upon which no return has been filed, unless the provisions of the statute as to the filing of affidavits are complied with.

II. The rule is also settled in this state that an execution cannot be levied upon the real estate of a deceased debtor unless the judgment became a lien thereon during his lifetime. *Davis v. Shawhan*, 34 Iowa 91; *Allen v. Moer*, 16 Iowa 307; *Baldwin v. Tuttle*, 23 Iowa 66; *Boyd v. Collins*, 70 Iowa 296; *Hansen's Empire Fur Fact. v. Teabout*, 104 Iowa 360; *James v. Weisman*, 161 Iowa 488; *Beatty v. Cook*, 192 Iowa 542.

2. EXECUTION: levy: failure to perfect lien during lifetime of debtor.

Appellant is inclined to doubt both the scope of the adjudication of the above decisions and their soundness, if they hold as above stated. The reason for the rule is that executions are issued against the property of the judgment debtor, and can only

be rightfully levied thereon. Title to the real property of a deceased person passes, immediately upon his death, to his heirs at law or to his devisees, subject only to the claims of general creditors or of creditors having a lien thereon. This is elementary, and no statute providing to that effect is necessary. The land being situated in another county than the one in which the judgment was obtained, said judgment would become a lien thereon only by the filing of a certified transcript thereof in the office of the clerk of the district court of the county in which such real estate is situated, or by the levy of an execution thereon, without the filing of such transcript. The transcript in the present instance was filed after the death of the judgment debtor, and the only proof of the levy of the execution on the land during the lifetime of Charles R. Clark is the entry purporting to have been made by the deputy sheriff in the incumbrance book in the office of the clerk of the district court of Poweshiek County. It is contended by appellant that the entry in the incumbrance book gave him a lien on the real estate described therein. If a lien upon the real estate is thus shown, it was created by the levy of the execution, which is still in existence, within the meaning of the statute quoted supra. Whether the proof on this point is sufficient or not, or whether the lien has abated, are questions we need not decide. The petition prayed for an order directing the clerk to issue an execution; and this, as we have already said, the court could not do, without proof that the required affidavits had been filed in the office of the clerk. Whether the court may have ordered an alias writ to issue, is not before us, as none was asked. On this question we therefore express no opinion.

It is our conclusion that the dismissal of appellant's petition was proper. Judgment affirmed.—*Affirmed*.

FAVILLE, C. J., and DE GRAFF and VERMILION, JJ., concur.