ALICE M. KOONTZ, Appellee, v. CLARK BROTHERS et al.,
Appellants.

No. 39943.

NOVEMBER 21, 1929.

*D. N. Clark,* for appellants.

*Anderson & Perry,* for appellee.

STEVENS, J.—This is an action upon three promissory notes,
two for $1,000 each, and one for $500. The instruments are

signed by all of the defendants. A motion by appellants for  more specific statements of the petition was overruled, and answer filed. A demurrer interposed to the answer was sustained, and, appellants electing to stand on the answer, and refusing to plead further, judgment was entered against them for the amount of the notes and costs, including attorney fees. Except the matter of attorney fees, the issues and facts are the same as in *Iowa Title & Loan Co. v. Clark Bros.*, 209 Iowa 169. The notes in suit are a part of the series involved in the former case.

The court is not disposed to recede from its holding in the former case, and its decision therein is controlling and decisive of the present controversy. Discussion, therefore, of the propositions involved would not be profitable.

Judgment was entered in favor of appellee's attorneys for attorney fees, as a part of the costs. The notes in suit do not provide for attorney fees, although it is alleged that a mortgage  executed contemporaneously therewith and to secure the payment of the same does contain a provision with reference to attorney fees. The mortgage is not attached to the petition, and therefore is not before us. The taxation of attorney fees without a provision in the notes sued on therefor was clearly erroneous.

The attorneys for appellee, in whose favor the attorney fees were taxed, have, according to their statement in the written argument of appellee, released and satisfied the judgment therefor in full. Although it is not properly presented to the court, the attorneys making the statement are fully bound thereby. The voluntary release by the attorneys entitled to the attorney fees is as effectual to cancel and satisfy the judgment as any ruling or order this court can make.

As the satisfaction of the judgment for attorney fees was made of record after this appeal was perfected, there should be  an apportionment of the costs in this court. It is, accordingly, ordered that one third of the costs be taxed to appellee, and the balance to appellants.

In all other respects, the judgment is affirmed.—*Affirmed.*

ALBERT, C. J., and EVANS, MORLING, and WAGNER, JJ., concur.