CLIFFORD FOX, Appellee, v. THOMAS P. McCURNIN, Appellant.

No. 39847.

JANUARY 14, 1930.

REHEARING DENIED MAY 16, 1930.

430

*Guy A. Miller*, for appellant.

*S. B. Allen*, for appellee.

MORLING, C. J.—On June 14, 1928, the jury returned a verdict in favor of the plaintiff for $4,000, and on the same date the clerk entered judgment on the verdict. This the statute required the clerk to do. Code, 1927, Section  11575. In due season, defendant filed motion for new trial. On September 8, 1928, the court "ordered that the verdict rendered herein, in the sum of $4,000, be reduced to $2,000. If plaintiff files in writing by September 18, 1928, a remittitur of the verdict in the sum of $2,000, agreeing to take the same as his verdict in the case, the motion for new trial and exceptions are overruled; if plaintiff fails to file such remittitur by said time, motion for new trial will be sustained, without any other formality of same." On September 14, 1928, plaintiff's attorney, whose authority in that respect is not questioned, entered on the combination docket in the clerk's office in writing the following:

"9-14-28. To conform to the ruling made by the court in this case, the plaintiff hereby remits the amount of the verdict and judgment in this case to $2,000 and costs, and agrees that the judgment may stand for said amount. Clifford Fox, Per S. B. Allen, Atty."

On September 26, 1928, defendant filed "motion for formal entry," wherein he moved "the court to make and enter of record a formal entry in the above entitled cause, setting aside the verdict of the jury and the judgment entered in the above entitled cause and granting unto the defendant a new trial of the issues therein for the following reasons, to wit:" Here the motion sets out in full the ruling of September 8, 1928, and alleges that:

"Plaintiff failed to file in writing by September 18, 1928, a remittitur of the verdict in the sum of $2,000, and failed to file a remittitur in which plaintiff agreed to take as his verdict in the case said $2,000."

The motion then sets out the entry on the combination docket above referred to, and proceeds:

"The plaintiff claims that he has complied with the order of the court, and the defendant claims that the plaintiff has not complied with the order of the court; and it is therefore proper and necessary that the court determine the matter, to the end that the record may clearly disclose whether or not the verdict of the jury and the judgment have been automatically set aside."

On September 27, 1928, plaintiff filed resistance, stating that he did file his remittitur, as set forth in writing on the combination docket, "whereby plaintiff remitted all over and above the sum of $2,000 and costs, as was intended by the court, and the motion for new trial thereby stands automatically overruled * * *. That it was the intention of the plaintiff to remit the amount of the verdict and judgment over and above the $2,000 and costs * * * and the plaintiff hereby confirms that intention * * *."

On October 20, 1928, the defendant's motion for "formal judgment entry" was overruled. On November 16, 1928, defendant served notice of appeal from the judgment and from the order of September 8, 1928, and from the order of October 20, 1928. Hence the notice of appeal was not served within four months from the date of the entry of record of the judgment, nor within 60 days after entry of ruling upon motion for new trial, as required by Section 12832, Code, 1927. Defendant's contention is that the ruling on the motion for new trial required plaintiff, in order to escape a new trial, "to file" remittitur, and that writing a remittitur on the combination docket was not a "filing" of anything; that no remittitur was filed; and that the order went into effect as one granting a new trial. Alternatively, defendant in this court contends that the order vacated the judgment which has been entered, and that no new judgment has been entered.

The "combination docket" is one authorized by statute, and is a combination of the appearance docket, judgment docket, and fee book. Code, 1927, Sections 10830, 10831. The entries required to be made in the appearance docket, judgment docket, and fee book "may be combined in one book." Section 10830. The clerk is required to enter in the appearance docket every

"act or thing done in the progress of the cause, * * * it being intended that the appearance docket shall be an index from the commencement to the end of a suit." Code, 1927, Section 10834. In the judgment docket, the clerk is required to enter an abstract of the judgment, date of issuance and return of execution, "with the entry of satisfaction, and other memoranda." Code, 1927, Section 10830, Sub. 2. No question is raised concerning the particular part of the combination docket in which the remittitur was entered, nor is any question raised as to indexing.

The combination docket is a record of the court, in the office and official custody of the clerk. The entry on the combination docket made the remittitur a record in the office and archives of the clerk. The remittitur, from the date of its entry, was in the official custody of the clerk, and was a record of the court. The entry could not possibly have been more distinctly in the custody of the clerk or a record of his office if it had first been made in the form of a separate paper, deposited with the clerk, attached to the papers, and entered upon the docket. Entry upon the appearance docket would have been essential, to have completed the filing. Code, 1927, Section 10833. The use of a paper for the composition of the document other than one already part of the dockets in the clerk's office, the deposit of a separate paper with the clerk, and the stringing of it with the other papers in the case, according to the ancient practice, or the attaching of it to them, is not of the essence of "filing." It is the actual entry, in proper phraseology, and by proper authority, on proper execution; it is the making of a properly executed remittitur a record of the court, that is of the essence. See 3 Words & Phrases 2764 *et seq.*; 2 Words & Phrases (2d Ser.) 531. Every element essential to the "filing" of the remittitur, within the meaning of the order, was observed. The combination docket was the proper place for the entry of the remittitur and the consequent reduction of the amount of the judgment.

Defendant argues in this court that, if "plaintiff filed a remittitur, the judgment was thereby nullified, and no other or different judgment has been entered." This was not defend-

ant's contention in the lower court, nor was it in accordance with the theory upon which he there proceeded. His motion was to "enter of record a formal entry * * * setting aside the verdict of the jury and the judgment entered * * * and granting unto the defendant a new trial." The matter that he presented to the court in his motion was that plaintiff claimed that plaintiff had complied with the order of the court, and that defendant claimed that plaintiff had not complied with the order of the court, and that it was necessary for the court to "determine the matter, to the end that the record may clearly disclose whether or not the verdict of the jury and the judgment have been automatically set aside." The motion postulated the continued existence of the judgment if the order had been complied with, and the finality of the order of September 8, 1928, and was based, not on the contention that the motion for new trial had not been disposed of, but that it had been, and that the order had attained finality, as one granting new trial. On the motion, therefore, the court having, as he was required, and is presumed, to have done, held that the remittitur was filed in accordance with the order of the motion for new trial, was compelled to overrule the defendant's motion for a formal entry setting aside verdict and judgment. This court said, in *Van Winter v. Henry County*, 61 Iowa 684, 691:

"The verdict was for $6,000, and the defendant filed a motion for a new trial, upon the ground, among others, that the damages were excessive. The court concluded that the motion was well taken in this respect, and reduced the verdict to $4,000. As the plaintiff does not complain of this action of the court, it must be regarded in the same light as if the jury had assessed the damages at $4,000. * * * The court, in substance, said to plaintiff: A new trial will be granted unless you accept the amount fixed by the court. This it was competent for the court to do. *Brockman v. Berryhill*, 16 Iowa 183. The failure of the plaintiff to except to the action of the court and appeal had the effect above stated. As to the defendant, we think the only question is whether the $4,000 is excessive."

See *Staley v. Forrest*, 157 Iowa 188. Neither party excepted to the order on the motion for new trial. The effect of the order

and the remittitur was to reduce the verdict and judgment to $2,000. The parties might waive the formality of entering in the record a cancellation of the existing judgment and the entry of a new one by adopting the more direct method of simply reducing the amount of the old. This is, in effect, what was done. 34 Corpus Juris 251; *Koontz v. Clark Bros.,* 209 Iowa 62. *White v. Reitz,* 129 Mo. App. 307 (108 S. W. 601), cited in 46 Corpus Juris 433, holding that a ''judgment was nullified, and in effect expunged from the record, by the remittitur, and a new entry of the judgment for the proper amount should have been made,'' is not in point, as applied to the facts of this case. It does not appear that a record was there made by which the judgment itself was reduced and treated as continued in the reduced amount. By the remittitur as entered in this case, the judgment was, by proper and binding record, reduced. The judgment persisted, but in a reduced amount, and was so considered in the lower court. See 34 Corpus Juris 251. It was entirely competent for the parties to waive new entry upon the district court record, and this they by their conduct did. See *Koontz v. Clark Bros.,* 209 Iowa 62.

Defendant argues that his motion for formal entry was in truth ''a motion to consider or reconsider the record as then made on the question of new trial * * * The case then stands

 as though a motion for new trial had been finally overruled on the 20th day of October,'' and the appeal was, therefore, perfected in time. But the motion ''for formal entry'' was not to set aside the verdict or for new trial or to reconsider the ruling of September 8, 1928. The ''motion for formal entry'' was to secure a determination that plaintiff had not complied with the order granting a new trial because remittitur was not filed. The defendant set out in his ''motion for formal entry'' the ruling on the motion for new trial, and the entry of the remittitur, and urged that the entry of the remittitur was not a compliance with the order. Defendant was standing upon the order of September 8, 1928, as a granting of his motion for new trial because of failure to take advantage of the condition upon which the granting of new trial would be obviated. The motion for new trial was disposed of on September 8, 1928, by the order entered on that date, and

such was the position of the defendant in the trial court. He cannot be permitted to change his position here. The order denying the motion for formal entry was entered October 20, 1928, when defendant still had 18 days within which to appeal from the judgment. He was not surprised, ambushed, or prejudiced. He permitted the four months and the "automatic" extension of time allowed by statute for appealing from the judgment to expire without appeal. The objection to the jurisdiction of the court to review the judgment must be sustained. Because of the absence of exception to the ruling on the motion for new trial, it may not be reviewed. The order of October 20, 1928, is—*Affirmed.*

EVANS, FAVILLE, KINDIG, and GRIMM, JJ., concur.

DE GRAFF, J., not participating.