128 N.W.2d 885 (1964)
Carroll E. CASTNER, Appellee,
v.
R. C. WRIGHT, Appellant.
No. 51322.
Supreme Court of Iowa.
June 9, 1964.
James P. McGrane, Des Moines, and Life, Davis & Life, Oskaloosa, for appellant.
Heslinga & Heslinga, Oskaloosa, for appellee.
GARFIELD, Chief Justice.
It appears from defendant's petition for rehearing and plaintiff's resistance thereto that since the opinion herein was filed, plaintiff contends he has a valid judgment for $45,000, the amount of the jury verdict, rather than for $12,500, the amount of the verdict diminished by the remittitur of $32,500 filed by plaintiff. Basis for plaintiff's claim is the second paragraph of rule 250, R.C.P., 58 I.C.A., added by amendment to the rule in 1953.
Rule 250, as so amended, provides: "Conditional new trial. The court may permit a party to avoid a new trial under rule 243 or 244 by agreeing to such terms or conditions as it may impose, which shall then be shown of record and a judgment entered accordingly.
"Any such term or condition or judgment entered pursuant thereto shall be deemed of no force and effect and the original judgment entered pursuant to rule 223 shall be deemed reinstated in the event of an appeal."
No appeal involving this rule as amended seems to have come before us. It is clear that under the second paragraph of the rule the original judgment for $45,000 entered upon the verdict, as directed by rule 223, is to be deemed reinstated upon defendant's appeal. This amendment to rule 250 was not called to our attention in the brief and argument of either party here and was not considered by us. We considered defendant's appeal as taken "from judgment against him for the reduced amount."
Prior to the amendment to rule 250 we had held a judgment entered upon a jury verdict automatically became a judgment in the lesser amount immediately upon the filing of the remittitur. See Fox v. McCurnin, 210 Iowa 429, 433-434, 228 N.W. 582, and citations.
Since the filing of the petition for rehearing and resistance thereto we have again considered the matters discussed in Division X of the opinion. Plaintiff argues the entire verdict should be permitted to stand or, in the alternative, a smaller remittitur *886 should be ordered here than the one provided by the trial court. We are not persuaded we should reach a different conclusion than the trial court did as to the amount of verdict which should be permitted to stand.
Plaintiff concedes we have the inherent right to order a remittitur and modify the award to such sum as we deem just. Accordingly, it is ordered that if plaintiff files in the office of the clerk of this court, within 30 days from and after the filing hereof, a remittitur of so much of the judgment entered in the trial court for $45,000 as exceeds $12,500, with interest from January 28, 1963, at five per cent per annum, and costs, the judgment shall stand affirmed as so modified. If such remittitur is not so filed, a new trial is hereby ordered. The cause is remanded for further proceedings in accordance with this opinion.
With this supplement to the original opinion, the petition for rehearing is overruled.
Modified and affirmed on condition, and remanded.