Delbert L. CRAWFORD and Mary Ann Crawford, Plaintiffs–Appellees,

v.

Robert W. HALL; Michael Brown, Executor of the Estate of Robert W. Hall, Deceased, Defendants,

and

George HAGAMAN, a/k/a George Haganman and George E. Haganman, Defendant–Appellant.

No. 89–1275.

Court of Appeals of Iowa.

Oct. 23, 1990.

Gregg A. Pieper, Fairfield, for defendant-appellant.

D.W. Harris, Bloomfield, for plaintiffs-appellees.

Heard by OXBERGER, C.J., and DONIELSON and HABHAB, JJ.

DONIELSON, Judge.

Robert Hall owned approximately 230 acres of land, with 100 acres located in Van Buren County and 130 acres in Jefferson County.

On January 29, 1986, a jury reached a verdict for $82,556.83 in favor of the Crawfords and against Robert Hall, Rex Hall and Diane Hall in Jefferson County. The judgment was transcribed to Van Buren County by filing it with the clerk of court on January 30. On March 20, 1986, the Hall's consented to a remittitur which reduced the judgment to $53,201.46 and the Jefferson County District Court overruled a motion for a new trial. This remittitur was not transcribed to Van Buren County. Robert Hall's appeal of this judgment was dismissed by this court pursuant to Iowa R.App.P. 19.

Robert Hall died May 7, 1987. George Haganman, the sole beneficiary under Hall's will, was named executor of the estate. On May 18, 1987, the Crawfords filed a petition for execution against the deceased judgment debtor pursuant to Iowa Code section 626.88 concerning the Van Buren County land. The petition named as defendants Robert Hall and George Haganman, as executor. In July, 1988, Haganman was removed as executor and in September, 1988, the Crawfords amended their petition to add George Haganman, in his individual capacity, as a necessary party defendant; he being the sole beneficiary of Hall's estate. Michael Brown was named executor in December, 1988. The Crawfords substituted the new executor as a defendant. In February, 1989, Haganman (in his individual capacity) filed an answer, asserting affirmative defenses and counterclaims.

After several procedural motions, the district court entered a decree permitting the Crawfords execution on Robert Hall's Van Buren County land. The district court also summarily dismissed Haganman's counterclaims. Haganman appeals.

Haganman contends that the district court erred: (1) in determining that a prior judgment against Robert Hall was properly transcribed to Van Buren County; and (2) in dismissing Haganman's counterclaims against the Crawfords.

I. *Was Transcription of Remittitur Required?* In this equity action our review is de novo. Iowa R.App.P. 4.

Iowa Code section 626.88 authorizes a plaintiff to petition the court for execution against a deceased judgment debtor's land provided the judgment has become a lien on the land prior to the death of the owner. *See also Harrington v. Clark*, 199 Iowa 340, 343–44, 202 N.W. 84, 86 (1925). Iowa law provides for judgment liens in section 624.23:

> Judgments in the appellate or district courts of this state, or in the circuit or district court of the United States within the state, are liens upon the real estate owned by the defendant at the time of such rendition, and also upon all the defendant may subsequently acquire, for the period of ten years from the date of the judgment.

Section 624.24 then specifically provides the time frame for the attachment of a judgment lien:

> When the real estate lies in the county wherein the judgment of the district court of this state or of the circuit or district courts of the United States was entered in the judgment docket and lien index kept by the clerk of court having jurisdiction, the lien shall attach from the date of such entry of judgment, *but if in another it will not attach until an attested copy of the judgment is filed in the office of the clerk of the district court of the county in which the real estate lies.*

(Emphasis added.) From these statutory provisions, it is clear the Crawfords were required to file an attested copy of the Jefferson County judgment in the Van Buren County clerk's office prior to the death of Robert Hall in order for the judgment lien to have attached to the Van Buren County land.

Haganman contends no judgment has been transcribed in the Van Buren County clerk's office. He argues the Crawfords transcribed only a jury verdict and no judgment was entered until the remittitur entry on March 20, 1986, which was never transcribed. Haganman's contention is specious and we reject it.

Iowa Rule of Civil Procedure 223 requires that the clerk "forthwith enter judgment upon a verdict when filed...." The rules do not indicate how a judgment is entered but section 624.24 provides for the entry of judgment "in the judgment docket and lien index." The Jefferson County clerk did "forthwith" enter judgment on the jury verdict in the judgment docket and lien index; this judgment was properly transcribed in the Van Buren County clerk's office on January 30, 1986.

■ Haganman also contends the subsequent remittitur nullified the original judgment. He argues the remittitur constituted a new judgment which itself had to be transcribed in the Van Buren County clerk's office during decedent's lifetime to become a lien on decedent's property located in that county. Because this judgment was not transcribed, Haganman contends the Crawfords are not entitled to execution.

Haganman's contention is moot. Rule of civil procedure 250 provides:

> The court may permit a party to avoid a new trial under R.C.P. 243 or 244 by agreeing to such terms or conditions as it may impose, which shall then be shown of record and a judgment entered accordingly.

Any such term or condition or judgment entered pursuant thereto *shall be deemed of no force and effect and the original judgment entered pursuant to R.C.P. 223 shall be deemed reinstated in the event of an appeal.*

(Emphasis added.) This rule of civil procedure was not called to our attention in the brief or argument of either party. However, it is clear to this court that under the second paragraph of the rule the original judgment (for $82,556.83) entered upon the verdict, was reinstated upon Robert Hall's appeal. *See Castner v. Wright,* 256 Iowa 638, 128 N.W.2d 885 (1964). By operation of this rule, the remittitur was of "no force and effect" and Haganman's contention concerning the remittitur judgment is moot.[1]

■ Alternatively, even were we to ignore rule 250 as the parties have, the law of Iowa concerning remittiturs is, "a judgment entered upon a jury verdict automatically [becomes] a judgment in the lesser amount immediately upon the filing of the remittitur." *Castner,* 256 Iowa at 639, 128 N.W.2d at 885 (citing *Fox v. McCurnin,* 210 Iowa 429, 433–34, 228 N.W. 582, 584 (1930)). Under this rule, no transcription of the remittitur in the present case was required because the transcribed judgment automatically became a judgment in the lesser amount upon the filing of the remittitur; again, this judgment was properly transcribed. There was but one judgment, the amount of which was reduced as a condition of the denial of a new trial motion.

The district court properly rejected Haganman's challenge to the transcribed judgment. We affirm the grant of the Crawfords' petition for execution.

II. *Was Motion To Dismiss the Counterclaims Properly Sustained?* Haganman was joined as a defendant in this action in his individual capacity. A several count[2] counterclaim was included in his answer to the Crawfords' petition. Hagan-

---

**1.** While it appears the Crawfords might have sought execution on a judgment of $82,566.83, they waived the right to do so. The Crawfords prayed for execution on a judgment of $53,- 201.46 and the district court granted execution "as prayed in their Petition."

**2.** Haganman's pleading referred to counts as "divisions."

man had every right to enter a counterclaim in this matter. Rule of civil procedure 30 provides: "Unless prohibited by statute, a party may counterclaim against an opposing party ..." Nothing in Chapter 626 prohibits counterclaims in contested execution proceedings.

The Crawfords moved to dismiss the counterclaim on grounds the allegations "are general, indefinite, speculative and prolix, confused and do not state a cause of action" and "said statements do not set forth any facts sufficient to constitute a cause of action."[3] The district court summarily sustained the motion to dismiss.

It appears the Crawfords' motion to dismiss alleges Haganman has failed "to state a claim on which relief can be granted." Iowa R.Civ.P. 104(b). Rule 69(a) of the rules of civil procedure reads as follows:

A pleading which sets forth a claim for relief, whether an original claim, *counterclaim*, cross-claim or cross-petition, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the type of relief to which one deems one's self entitled. Relief in the alternative or of several different types may be demanded....

(Emphasis added.) Our "notice pleading," provided for in rule 69(a), requires only a "short and plain statement of the claim showing the pleader is entitled to relief" and does not require the pleading of facts. *See Schmidt v. Wilkinson*, 340 N.W.2d 282, 283 (Iowa 1983). The pleading "is sufficient if it apprises of the incident out of which the claim arose and the general nature of the action." *Northwestern Nat'l*

*Bank v. Metro Center, Inc.*, 303 N.W.2d 395, 401 (Iowa 1981).

■ In judging whether a pleading meets the requirements of rule 69(a) when it is challenged by a motion to dismiss, we sustain the motion "only when it appears to a certainty the pleader has failed to state a claim upon which any relief may be granted under any state of facts which could be proved in support of the claim asserted." *Weber v. Madison*, 251 N.W.2d 523, 525 (Iowa 1977). The pleading is construed in the light most favorable to the pleader with doubts resolved in the pleader's favor and challenged allegations are accepted as true. *Id.*

■ Our review of a ruling on a motion to dismiss is limited to grounds asserted in the trial court. *Berger v. General United Group, Inc.*, 268 N.W.2d 630, 634 (Iowa 1978). Additionally, "[t]he motion to dismiss can neither rely on facts not alleged in the petition (except those of which judicial notice may be taken) nor be aided by an evidentiary hearing." *Id.* (citations omitted).

■ The district court should not have summarily dismissed Haganman's counterclaim. Because this matter must be remanded we find it unnecessary to address each count of Haganman's counterclaim.[4] However, we point out that "Division VII" of Haganman's counterclaim substantially follows the language of Iowa Code section 658.4. Assuming the truth of the allegations, this pleading, although meager, minimally meets the requirements of rule 69(a). The Crawfords can obtain details by discovery. Further, our conclusions do not preclude the Crawfords from moving for a

---

**3.** At the hearing on the motion, the Crawfords' also claimed Haganman is not the proper party to claim damages to the land. They contend only the executor of Hall's estate can maintain such an action. We will not address the merits of Haganman's claims but we do note Haganman, being the sole beneficiary of real estate under Hall's will, received title to the Hall's real property upon Hall's death. *See DeLong v. Scott,* 217 N.W.2d 635, 637 (Iowa 1974). We are unable to state "it appears to a certainty" Haganman has failed to state a claim upon which any relief may be granted.

**4.** A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as he has regardless of consistency and whether based on legal or equitable grounds....
Iowa R.Civ.P. 69(b)(2).

more definite statement. *See* Iowa R.Civ.P. 112.

For the foregoing reasons the dismissal of Haganman's counterclaim is reversed and remanded for further proceedings consistent with this opinion.

Each party will bear one-half the cost of this appeal.

AFFIRMED IN PART; REVERSED IN PART.